## ENOS LARKIN V. A. WILSON.

1. DEFENDANT, *When Not Entitled to Jury Trial.* Where an action is brought to quiet title against a party out of possession of real estate, and the defendant sets up a counterclaim in the nature of ejectment, to which a general denial is filed, the defendant is not entitled as a matter of right to a jury trial, or upon judgment against him to another or second trial, under § 599 of the code.

2. COUNTY, *Competitive Bidder; Void Tax Deed.* Where a tax deed recites among other things that at a certain tax sale held in Bourbon county on the 3d day of May, 1864, "the treasurer of the county of Bourbon having offered to pay the sum of thirty dollars and fifty-eight cents, being the whole amount of taxes, interest and costs then due and remaining unpaid," for the land described in the tax deed, "and there being no other bidder the said property was struck off to it at that price," and there is nothing in the deed that tends to show the land could not be sold for the amount of the tax, penalty and charges thereon to some other party, provided the treasurer had not made the said offer, *held,* as it appears from the recitations of the deed that the county, through the county treasurer, was a competitive bidder and made the first bid on the land, the tax deed is void.

*Error from Bourbon District Court.*

ACTION by *Wilson* against *Larkin,* to quiet title. Trial by the court, before W. C. W., judge *pro tem.,* at the December Term, 1881, and judgment for plaintiff. The defendant brings the case here. The opinion states the facts.

*E. F. Ware,* and *C. L. Ware,* for plaintiff in error.

*A. A. Harris,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Action brought in the court below by Wilson against Larkin, to quiet title to the land of which plaintiff below claimed to be in possession, and to which he claimed title under a conveyance executed November 20, 1866, by Samuel A. Williams and wife. Williams obtained his title under a tax sale made on the 3d day of May, 1864, for the delinquent taxes of the previous year, and a deed ex-

ecuted therefor May 15, 1866, and recorded the next day. Larkin answered, first, by a general denial; and second, by a counterclaim in the nature of ejectment. To the answer, Wilson filed a reply consisting of a general denial. Larkin demanded a jury trial, which was denied; and after the court had rendered judgment against him, he claimed another or second trial, under § 599 of the code. This was refused, and these rulings are complained of. The complaints in this regard are not well made. The action brought was an equitable one, and the answer setting up a counterclaim in ejectment did not alter the case. The action brought was not one for the recovery of real property, and the counterclaim was not, within the letter of the statute, an action for the recovery of real property. Hence Larkin was not entitled to a jury trial, or a second trial. (*Smith v. Anderson,* 20 Ohio St. 76; Code, § 599.

Another question in the case is, whether the tax deed of the grantor of Wilson is void upon its face. Counsel for Wilson submits that the reasons why the deed is void upon its face were not specifically pointed out upon the trial, and therefore that the objections to the deed were not well taken. It appears from the record that when the tax deed was offered in evidence, "the defendant objected to the introduction thereof, because the deed was void upon its face for several reasons, then given and enumerated." The objection therefore was something more than a general one. The court's attention was called directly to the face of the deed. It further appears that the court adjudged that Wilson's title was good against Larkin, by possession under the tax deed for more than five years. Under these circumstances, it is evident that the trial court held that the five-years possession by Wilson under the grantee of the tax deed, even if the deed were void on its face, barred Larkin from any right to the land. Therefore we think the objection made to the deed was sufficient to demand at our hands a consideration of the ruling of the court in admitting it as testimony. This court has already held that a tax deed, to be sufficient when recorded to

set the statute of limitation in operation, must of itself be *prima facie* evidence of title; that a tax deed void upon its face will not start the statute of limitations; and also that a tax deed void upon its face will not protect a person in possession of the premises for two years thereunder. (*Shoat v. Walker*, 6 Kas. 74; *Sapp v. Morrill*, 8 Kas. 682; *Waterson v. Devoe*, 18 Kas. 223.)  Counsel for Larkin claim that the tax deed is void, first, because it recites that the county, through the county treasurer, entered the list at the tax sale as a competitive bidder; second, that the county of Bourbon assigned the certificate of the tax sale.  In regard to the sale of the land, the deed reads as follows:

"Whereas, the treasurer of said county did, on the 3d day of May, 1864, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Tuesday of May, 1864, expose to public sale at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid upon said property; and whereas, at the time and place aforesaid, the treasurer of the county of Bourbon, state of Kansas, having offered to pay the sum of $30.58, being the whole amount of taxes and interest and costs then due and remaining unpaid on said property,  .   .   .   and there being no other bidder, the said property was struck off to it at that price, which was the least quantity bid for."

Within the decisions of this court, the claim of plaintiff in error, that the county was a competitive bidder, must be sustained, and the tax and the tax deed founded thereon are both void.  The recitations in the deed show that the county, through the county treasurer, made the first bid on the land, offering itself to pay for the land the sum of $30.58, being the whole amount of taxes, interests and costs then due and remaining unpaid.  There is nothing in the deed that shows, or tends to show that the land could not have been sold to some other party for the same price, provided the treasurer had not made his bid, or offer.  If the treasurer had not made his bid, perhaps some other party might have been willing to

offer and pay the amount of the taxes, penalty and charges for the land; but as the county, through its treasurer, made that offer first, it thereby prevented others from making that bid, or indeed from making any bid as advantageous to themselves as that bid would have been. (*Norton v. Friend,* 13 Kas. 533; *Magill v. Martin,* 14 Kas. 67; *Babbitt v. Johnson,* 15 Kas. 252.)

The other objection to the deed is more doubtful, and with the conclusion obtained it is unnecessary to pass upon it. Regardless of that objection, the deed is void on its face. Entertaining these views, we must declare that the tax deed is void; and even if counsel had attempted to contradict the fatal defect apparent in the recital, showing the county to have been a competitive bidder, by the introduction of evidence *aliunde,* the trial court would have been compelled to exclude it. (*Cartwright v. McFadden,* 24 Kas. 662.) Counsel for Wilson contends that the equities of the case are all in favor of his client, as Larkin knew that the land had been sold for taxes, and for fifteen years had permitted Wilson to occupy and improve it, and also to pay the taxes upon it. In answer to this, we need only reply that Wilson is somewhat protected by the statute, as he is entitled to the benefit of the occupying-claimant act, and also to § 142 of the tax law. (*Stebbins v. Guthrie,* 4 Kas. 353; *Smith v. Smith,* 15 Kas. 296.)

The judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.