PHŒBE A. BLACK v. JOHN ELLIOTT *et al.*

No. 12,334.   (65 Pac. 215.)

SYLLABUS BY THE COURT.

1. **EXECUTORS AND ADMINISTRATORS**—*Limitation of Action.* The statute of limitations will run upon a demand against the estate of a deceased person after a reasonable time has elapsed after the death of such person, and this even though no executor or administrator has been appointed. (*Bauserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051; *Kulp v. Kulp*, 51 id. 341, 32 Pac. 1118, 21 L. R. A. 550.)

2. —— *Sale of Realty*—*Defenses by Heirs and Devisees.*

| | |
|---|---|
| 63 | 211 |
| 66 | 527 |
| 63 | 211 |
| 69 | 633 |
| 63 | 211 |
| 73 | 479 |
| 63 | 211 |
| 80 | 637 |

In any proceeding brought either in the probate court or in equity for the purpose of subjecting the lands of a deceased person to the payment of the debts of such person, the heir or devisee of such person, or one claiming under him, may contest the legality or justness of such claim, and this regardless of whether it has been duly allowed by the probate court as a claim against the estate. Such allowance is not binding upon such heir or devisee or other person in such proceeding.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed June 8, 1901. Division one. Affirmed.

STATEMENT.

ONE G. E. DeForrest died the owner of 200 acres of land in Miami county, Kansas, leaving a widow and five children. Subsequently the widow died and her interest in the land passed to the children. At the time of his death G. E. DeForrest was indebted to the plaintiff in error on a note for money borrowed from her. This note was signed not only by the father but by a son, Dewitt, one of the defendants in error. There was a small amount of personal property left belonging to the estate of G. E. DeForrest. Letters of administration were not issued upon the estate until more than eight years after the death of G. E. DeForrest. The interest on Mrs. Black's note, which bore date August 3, 1883, and became due one year after date, had been kept paid by the son Dewitt, so that as to him the statute of limitations had not run at the time of the appointment of the administrator. In April, 1894, the claim of Mrs. Black on said note was allowed against the estate of G. E. DeForrest. On December 1, 1890, all of the DeForrest heirs except one executed a note and secured the same by a mortgage upon the land of which G. E. DeForrest had died seized to John Elliott, one of the defendants in error, and on the 12th day of December, 1895, Elliott brought

this action to foreclose that mortgage, making all of the DeForrest heirs and this plaintiff in error defendants therein.   Plaintiff in error answered, setting up her claim allowed by the probate court, and alleging that by reason of such indebtedness and the allowance thereof she had acquired a first lien on the real estate, and asked the court to ascertain the amount of her lien and declare the same to be prior and paramount to the lien of the plaintiff and the rights of the heirs.   Said action proceeded to judgment, and the court found, as to the contention of the plaintiff in error, as follows:

"And the court does further find that the defendant Phoebe A. Black has no lien upon the lands described in plaintiff's petition or any part thereof for the claim set up in her answer filed herein, and finds that the alleged judgment of the probate court of Miami county, which she sets up as giving her a lien, was by said court rendered, if rendered at all, upon a claim against the estate of G. E. DeForrest, which was at the time it was presented for allowance barred by the statute of limitations, and was therefore void, and created no lien on said lands or any part of the same."

Thereupon the court entered judgment against this plaintiff in error, excluding her from any claim to or lien upon said lands for the payment of her indebtedness against the estate of G. E. DeForrest.

*Snoddy & Snoddy*, for plaintiff in error.

*W. T. Johnston*, and *John C. Sheridan*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.:  The contention of the plaintiff in error raises two questions, as follows:  (1) Did the

statute of limitations run upon the claim of Mrs. Black as against the estate of G. E. DeForrest during the time that there was no administrator? (2) If it did, might the mortgagee, John Elliott, or the heirs of G. E. DeForrest, attack the allowance thereof by the probate court in favor of the plaintiff in error, in this collateral proceeding?

The first question we must answer in the affirmative, on the authority of *Bauserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051, and *Kulp v. Kulp*, 51 id. 341, 32 Pac. 1118, 21 L. R. A. 550. There is no occasion to add anything to the reasoning in these cases. The doctrine as therein set out is well supported by reason and authority. We must hold that at the time of the allowance of Mrs. Black's claim by the probate court the same was barred by the statute of limitations as to the G. E. DeForrest estate.

The second question presents greater difficulty. It is a general rule of law that a judgment of a court of competent jurisdiction is conclusive upon all of the parties to it, and may not be attacked collaterally except upon grounds of fraud or mistake. This rule extends to all parties to the action in which a judgment was rendered and their privies. Probate courts in this state have "jurisdiction and care of estates of deceased persons." One item of such jurisdiction is the allowance of claims against the estates of such persons. No provision is made whereby the heirs or those holding under them are made parties to such procedure and no right is given by statute to such heirs to appeal from the allowance of any claim by the probate court. In fact, they are wholly strangers to that proceeding, unless it can be said that they are represented by the administrator.

Under our statute the administrator takes title to

the personal estate.   He is entitled to the possession
of it, and may maintain any possessory action to en-
force such right.,' He is required to sell and dispose
of the same, and we think that so far as such per-
sonal estate is concerned the allowance of a claim
by the probate court in favor of a creditor is binding
on the administrator and on the décedent's personal·
estate.   As to the real estate, the title of the decedent
upon his death descends at once to the heir, who is
entitled to the possession thereof.   No right or title
therein goes to the administrator—not even posses-
sion.   He may, however, in case the personal prop-
erty is found to be insufficient to pay the debts of
the deceased, proceed in the manner pointed out by
the law to subject so much non-exempt real estate
as may be necessary to the payment of such debts.
In doing so he must pursue the manner pointed out
by the statute—file a petition showing the necessity
for such sale, and give such notice of the application
for an order therefor as shall be directed by the pro-
bate court.   Then, for the first time, the title to the
real estate inherited by the heir is threatened, and
then, for the first time, has he an opportunity to be
heard as to the validity of the claims which are
sought to be paid out of his property.

At common law, the administrator might never un-
der any circumstances lay his hand upon the ·real
estate which had descended to the heir, and if a cred-
itor desired to subject the same to the payment of his
claim against the ancestor, he was required to bring
his action directly against the heir for that purpose, in
which action the heir had the opportunity and right
to contest the validity of the claim which was sought
to be made a charge on his inherited real estate.   We
see no reason why the same principle should not ob-

tain when the administrator makes application for an order to sell such real estate. We think that the au-- thorities are abundant to uphold this view.

In Woerner on American Law of Administration, section 466, the whole matter is discussed in the following language :

"Since the executor or administrator does not, in most of the states, represent the devisee or heir in the matter of paying the debts of the deceased, holding for that purpose the personalty, which is the primary fund out of which they must be paid, he assumes a relation rather antagonistic to the heirs whenever he seeks to subject the real estate, which has descended not to him, but to them, to sale for the payment of debts. It follows that a judgment against him in favor of creditors, although binding upon the personalty, is not necessarily binding upon the heirs to the extent of subjecting the real estate descended to them for the satisfaction of any such judgment, although it may be of *prima facie* validity. Hence, before there can be a valid order divesting them of their title by a sale for the payment of debts, they must have an opportunity to be heard, and to contest not only the necessity or propriety of the sale, but also the justice and validity of the debts for the payment of which the sale is demanded."

In *O'Flynn v. Powers et al.*, 136 N. Y. 419, 32 N. E. 1087, it was said :

"But where real estate devised or descended is sought to be charged with the debts of the decedent, the validity and existence of the debts are open to contest by the heirs or devisees in the proceeding, and the decree of the surrogate on the accounting does not conclude them." (See, also, *Jackson et al. v. Weaver, Adm'r*, 98 Ind. 307 ; *First Baptist Church of Hoboken v. Syms*, 51 N. J. E. 363, 28 Atl. 461 ; *Long v. Long*, 142 N. Y. 552, 37 N. E. 486 ; *Saddler v. Kennedy*, 26 W. Va. 636 ; *Nichols v. Day*, 32 N. H. 133, 64 Am. Dec. 358.)

Some of the above cases go to the extent of holding that the allowance of a claim is not even *prima facie* evidence against the heir of its justness.

In the case at bar, Jones, the administrator, was not made a party, and we have some doubt whether in his absence the district court had jurisdiction to decree a sale of the land for the payment of the debts; but we have passed that question for the purpose of discussing the fundamental one, whether under any circumstances the heir was deprived of the right of questioning the creditor's claim by reason of its allowance by the probate court. We conclude both from reasoning and authority that in any proceeding brought either in the probate court or in equity, such as the one at bar, for the purpose of subjecting the lands of any heir or devisee to the payment of a claim against the ancestor, such heir or devisee or any person holding under them may contest the legality or justness of such claim, and that regardless of whether it has been duly allowed by the probate court as a claim against the estate. And in this case, as the claim was barred by the statute of limitations when allowed by the probate court, and therefore no valid and enforceable claim against the estate, it follows that the plaintiff in error cannot have any lien on the lands in question as against Elliott, the mortgagee, or the heirs, or subject the same to sale for the payment of such claim, and that therefore the decree of the district court was correct and should be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.