JOHN W. BUTTS et ux., Appellants, v. HALLECK D.
BUTTS, Individually and as Executor, etc., et al.,
Appellees.

No. 16,902.

SYLLABUS BY THE COURT.

1. EVIDENCE—Declarations by One in Possession of Land—Char-
acter of Possession. In an action where a plaintiff seeks to
establish a parol gift of land from his father, in whom the
legal title stood at the time of his death, declarations
and statements of the father, made while in possession and
control of the land, are admissible in evidence, not as mere
assertions of title, but as explanatory of his possession and
the nature and character of his claim of ownership.

2. JURY TRIAL—Quieting Title—Plaintiff in Possession. In an
action to quiet title, where the plaintiff is in possession claim-
ing to own the land by a parol gift, possession and lasting
improvements, the plaintiff is not entitled to a jury trial.

3. NEW TRIAL—Vacation of Verdict—Advisory Finding Con-
trary to Evidence. Section 305 of the code, requiring a new
trial to be granted when a verdict of a jury has been vacated,
has no application to a special verdict in answer to questions
of fact submitted to a jury in aid of the court, which the court
sets aside as contrary to the evidence.

Appeal from Jefferson district court. Opinion filed
April 8, 1911. Affirmed.

D. R. Hite, for the appellants.

E. D. Woodburn, F. T. Woodburn, and A. E. Crane,
for the appellees.

The opinion of the court was delivered by

PORTER, J.: John W. Butts and wife brought this
suit to quiet title to a farm of 104 acres near Valley
Falls, in Jefferson county. The principal defendant is
Halleck D. Butts, a brother of plaintiff John W. Butts.
The farm originally belonged to their father, W. C.
Butts, who died in April, 1908. John W. Butts and his
wife had occupied a house on the farm from the time

of their marriage, in 1896, until after his father's death,. when he set up a claim to own the land by parol gift from his father, accompanied by actual possession and the making of lasting improvements. The court gave judgment for the defendants, and the plaintiffs appeal..

On the trial the court submitted to a jury in an advisory capacity certain questions of fact, which they answered in favor of the plaintiffs and against the defendants. These the court set aside and made separate findings of fact and conclusions of law. The court's findings are that the plaintiffs occupied the house on the farm without payment of rent from May, 1896, to March 1, 1908; that during that time W. C. Butts kept possession and control of the farm land, rented the same to other tenants and collected the rents, paid all the taxes, and kept the buildings insured in his own name as owner; that other buildings on the farm were occupied by his tenants; that he never surrendered the possession of the premises to the plaintiffs or made a gift of the farm to them; that in October, 1907, he leased the farm to the plaintiffs for the following year, beginning March 1, for the sum of $225; that in 1896, when the plaintiffs moved to the farm, they made no change in their condition or situation other than to leave the home of W. C. Butts at Valley Falls and go to housekeeping in the house on the farm; that plaintiff John W. Butts made some slight improvements on the premises, of little value, for his own use and enjoyment; and that the farm belonged to W. C. Butts at the time of his death, at which time an undivided one-half interest therein passed to John W. Butts and the other half to Halleck D. Butts.

It is claimed that the court erred in permitting defendants to offer in evidence certain declarations made and letters written by W. C. Butts, long after the date of the alleged gift, for the purpose of disproving the gift. It is insisted that these declarations are hearsay..

The contention can not be sustained, as it clearly appears from the evidence that the declarations were made and the letters written when W. C. Butts was in the possession of the property, and his declarations were admissible.    (*Hubbard v. Cheney,* 76 Kan. 222, 226.)    In the case cited it was said:

"The declarations of persons in possession of real property which illustrate the character of their possession and explain their claims of ownership are admissible to show the character and extent of their claims."    (p. 226.)

(See, also, *Stone v. Bird,* 16 Kan. 488; *Reiley v. Haynes,* 38 Kan. 259; *Hunnicutt v. Oren,* ante, p. 460.)

In volume 3 of Wigmore on Evidence it is said:

"One in possession of property is presumed to be the owner of it.    As making more definite and significant the nature of the person's custody or occupation, and as giving it the significance of an exclusive control and of a possession in the fullest sense, the acts and declarations of claim of title by the person may be decisive, and should therefore be considered for that purpose; without, however, conceding to them any force as hearsay assertions."    (§ 1779.)

The plaintiffs rely upon the cases of *Osborne v. Osborne,* 33 Kan. 257, and *Crawford v. Crawford,* 60 Kan. 126, but the opinion in each case expressly recognizes an exception to the rule there stated which applies where the declarations were made in connection with the possession of the land.    It is improbable that any prejudicial error could have resulted from the admission of these declarations, as there was other competent evidence sufficient to warrant the findings of the court.

Two other contentions are made, but as they are raised for the first time in this court they are not entitled to serious consideration.    One of them is that the case in substance amounts to an action for the recovery of real property, and that the plaintiffs were denied their right to a trial by a jury.    The petition set up a

cause of action to quiet title, the plaintiffs claiming to own the land and to be in the actual possession thereof, so that, aside from the fact that they made no objection to the manner in which the case was tried and voluntarily submitted the controversy to the court, and thereby waived any right they might have had to a jury trial, the case was one properly triable by the court. (*Larkin v. Wilson*, 28 Kan. 513; *Roussain v. Patten*, 46 Minn. 308; *Angus v. Craven*, 132 Cal. 691; *McNeil v. Morgan*, [Cal. 1910] 108 Pac. 69.) It is true that the courts recognize the doctrine that where the action should have been, and in substance is, an action for the recovery and possession of real estate the right of the defendant to a jury can not be defeated by the mere device of the plaintiffs in bringing the action in an equitable form. (See *Gordon v. Munn*, 83 Kan. 242.) But, as was held in *Larkin v. Wilson*, 28 Kan. 513, where the action is one to quiet title and the plaintiff is in possession, the case is an equitable one, in which neither party has the right to demand a jury.

The other contention, likewise raised here for the first time, is that it was the duty of the court after setting aside the findings of the jury to grant a new trial, under section 305 of the code. This section of the code has reference only to cases either triable by a jury as a matter of right, where a general verdict has been returned, or to cases where there has been a report by a referee or a decision of the court. In this case no general verdict was returned. All the jury did was to answer certain questions submitted to them by the court. A new trial could not be had until that trial ended by the decision of the court.

The admissions of John W. Butts with respect to the farm, made in the written correspondence between himself and his brother after their father's death, were sufficient of themselves to disprove his claim of ownership, and, taken with the other undisputed facts in the

case, establish conclusively that there was no parol gift of the land and that it belonged to W. C. Butts at the time of his death.

The judgment is affirmed.