McLeod, Adm'r, v. Butts.

NEIL McLEOD, as Administrator With the Will Annexed, etc., *Appellee,* v. JOHN W. BUTTS, *Appellant.*

No. 18,105.

HEADNOTE BY THE REPORTER.

1. WILL—*Resignation of Executor—Administrator Appointed—Sale of Real Estate.* Where an executor of a will resigns and an administrator with the will annexed is appointed it is not error for the probate court to direct the administrator to sell the real estate in order to carry out the provisions of the will.

2. ——— *Same.* In such situation the offer of the appellant, made under the provisions of section 3554 of the General Statutes of 1909, to furnish bond to pay the debts of the estate could not deprive the court of the authority to order a sale.

3. NEWLY DISCOVERED EVIDENCE—*Continuance.* The newly discovered evidence on which appellant asks a continuance of this hearing, pending an action in the federal court, is insufficient to warrant such continuance.

Appeal from Jefferson district court. Opinion filed June 7, 1913. Affirmed.

*George McDermott,* and *D. R. Hite,* both of Topeka, for the appellant.

*Horace T. Phinney,* of Oskaloosa, for the appellee.

*A. E. Crane, F. T. Woodburn,* and *E. D. Woodburn,* all of Holton, for Halleck D. Butts.

*Per Curiam:* Although the application set forth the amount of claims that had been allowed against the estate, it was not based upon the provisions of the executor's and administrator's act authorizing real estate to be sold for the payment of debts. On account of the resignation of the executor named in the will and the appointment of an administrator with the will annexed, it was deemed advisable to procure an order of the probate court directing the administrator to sell in order to carry out the provisions of the will. In

this situation the offer of appellant made under the provisions of section 119 of the executor's and administrator's act (Gen. Stat. 1909, § 3554) to furnish a bond with condition to pay the debts mentioned in the application could not deprive the court of authority to order a sale. If no debts had been proved against the estate, a sale was necessary to enforce the provisions of the will, which expressly directed the executor named therein to sell the real estate and divide the proceeds between the heirs.

For the same reasons the correctness of the claims allowed against the estate is involved only in an incidental way. A *prima facie* showing of their correctness was made when it appeared that they had been regularly allowed. (*Musick v. Beebe, Adm'r.,* 17 Kan. 47; *Calnan v. Savidge,* 68 Kan. 620, 75 Pac. 1010.) Besides, the appellant will have ample opportunity to contest the validity and correctness of any claim upon the final accounting. (*Musick v. Beebe,* supra.)

In the case of *Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048, it was decided that the real estate in question belonged to W. C. Butts at the time of his death. Since that decision, affirming the judgment of the district court of Jefferson county, the appellant has commenced another action in the federal court for the district of Kansas in which he seeks to recover damages from his brother, Halleck D. Butts, alleging that the latter while serving as executor of the will of W. C. Butts, deceased, concealed and destroyed certain papers which showed appellant to be the owner of the land, in consequence of which it is claimed the appellant was defeated in his former action. (*Butts v. Butts,* supra.) The appellant has presented an application setting forth the newly discovered evidence upon which he relies in that action and asks this court to stay its hand and not determine this appeal until the federal court "has explored the evidence referred to," and has

"determined the question of estoppel as well as the ownership of the farm." .

The evidence referred to has been examined and it does not impress us as furnishing sufficient ground for a postponement of this cause.

The judgment is affirmed.