No. 23,282.

THE ST. JOHN NATIONAL BANK, *Appellee,* v. C. E. LESLIE and EVA L. LESLIE, *Appellants.*

SYLLABUS BY THE COURT.

1. CREDITOR'S BILL—*Property of Debtor Discovered—Findings Supported by Evidence.* In an action in the nature of a creditor's bill, the findings of the court that certain real estate, the record title of which had been placed in the wife of the debtor defendant, was owned by him and that the transfer to his wife of all his personal property was made to hinder and defraud his creditors, are held to be supported by sufficient evidence.

2. SAME—*Declarations of Husband While in Possession of Real Estate Admissible on Question of Ownership.* Further held, that his declarations relating to his possession and ownership of the real estate made while he was in possession of it, were admissible in evidence.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed July 9, 1921. Affirmed.

*Paul R. Nagle,* and *Harry T. Gray,* both of St. John, for the appellants.

*F. L. Martin,* of Hutchinson, and *Ray H. Beals,* of St. John, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Action in the nature of a creditor's bill which resulted in a judgment for plaintiff, and from it defendants appeal.

On May 20, 1920, the bank obtained a judgment against C. E. Leslie for $2,757.63, and an execution issued upon the judgment was returned unsatisfied. The present action was then commenced in which plaintiff alleged that on January 30, 1920, C. E. Leslie had executed a bill of sale to his wife, purporting to transfer practically all of his personal property of the value of $15,510 for the purpose of defrauding his creditors, and particularly to defeat the claim of the plaintiff which would mature on February 11, 1920, and that his wife accepted the bill of sale with knowledge of the fraudulent purpose, and with the intention of aiding her husband in defrauding the plaintiff. It was further alleged that C. E. Leslie is the owner of several farms for which he had provided the greater part of the purchase money, had managed and farmed the same for many years, but had taken the title thereto in his wife's name, and that he is the equitable owner of at least one-half of the same. It was alleged that he pretended that he was indebted to his wife for the rents and profits of the land, and that together they are attempting to conceal his interest in it and in that way defraud his creditors, including the plaintiff.

There was a further averment that another tract of land obtained from the guardian of his mother had been conveyed to his wife, that it was owned jointly by both of them, and that the placing of the title in her name was for the purpose of defeating and defrauding his creditors. The plaintiff asked that C. E. Leslie's interest in all of the real estate be determined, that its judgment be declared a first lien thereon, and that the personal property be sold and the proceeds applied to the payment of the judgment.

The defendant, C. E. Leslie, and his wife alleged that the transfer of the personal property was made in good faith and

for a sufficient consideration. Mrs. Leslie averred that she did not know of her husband's indebtedness when the bill of sale was executed, and she denied that the purpose of the transfer was to aid him in concealing his property or in defrauding his creditors. She also alleged that the real estate was conveyed to her long before her husband became indebted to plaintiff; that the transfers were made in good faith, and that she never authorized her husband to treat the property as his own or to represent that he was the owner of any interest in it; and further, that she was the absolute owner of the land, having paid the entire consideration of its purchase.

A jury was called in an advisory capacity to which some of the questions of fact were submitted, and they found that the transfer of the personal property was made in bad faith, that it was done for the purpose of defrauding the creditors of C. E. Leslie, of which purpose Mrs. Leslie had full knowledge, and that she paid no consideration for the property. It was further found that she held the legal title to three of the tracts of land in controversy for her husband. A motion was made by defendants to set aside the findings on the ground that they were not supported by the evidence, but the motion was overruled and the court then proceeded to make findings for itself, which were substantially in accord with those made by the jury. It was found that the transfer of the personal property from C. E. Leslie to his wife was made without consideration, for the purpose of hindering, delaying and defrauding the creditors of C. E. Leslie, and further, that his wife accepted the bill of sale without payment of consideration, and with the knowledge of her husband's fraudulent purpose in making it. The court then found that three 80-acre tracts of land which formed the principal subject of the controversy were in fact owned by the defendant, C. E. Leslie, subject only to a certain valid mortgage thereon, and that while the land is held in the name of the wife of C. E. Leslie, he is the actual owner thereof. Following these findings the court adjudged that the personal property be sold at public auction, and the proceeds applied to the satisfaction and payment of the judgment, and if it was insufficient to satisfy the judgment that the real estate described be sold and applied to the satisfaction of the residue of the judgment.

The principal contention of the defendants is that the evidence does not support the findings and judgment. Involved

in the controversy are many transfers of property and numerous transactions between C. E. Leslie and his wife, covering a period of twenty-five years. They were married in 1895 and started with two or three horses, a cow and a little pocket money. They purchased a farm on time and paid for it, and from time to time purchased additional tracts until they acquired 400 acres, and this, with other property, is worth about $60,000. They worked diligently together on the farm, and their accumulations and success were due to the work and thrift of both. The title to some of the tracts purchased was taken in the name of the husband and some in the name of the wife. Mortgages on the land owned by them were executed by both to purchase other tracts and to obtain means to carry on farming operations. The husband managed the farms and conducted the business largely as if he were the owner. At one time the title to three of the tracts stood in his name and two of them in that of his wife. One of them he transferred to his wife for the stated consideration of one dollar. Three tracts of eighty acres each which had stood in his name were sold to Corley, a brother-in-law, for $19,500, payable in installments, but he only held them for a short time and, having paid no more than a fair rental for the land, surrendered it back, but in the conveyance Mrs. Leslie was named as the grantee. There was testimony tending to show that this land was owned by her husband, and that he afterwards spoke of and treated it as his own. The jury found that the wife held the legal title for her husband and that the consideration for the land was furnished by both husband and wife. In separate findings made by the court it was stated that these tracts were in fact owned by the husband, subject to a certain mortgage thereon, and that while they are held in the name of the wife, the husband is the actual owner thereof. It is contended that the conveyances were made long before the indebtedness of the husband to the bank was incurred, and that the conveyances could not have been made to defraud the plaintiff. It is not claimed that the land was transferred to the wife to defraud the plaintiff, but the contention is rather that he is the equitable and actual owner of the land, and that it is subject to be appropriated to the payment of the judgment rendered against him. There is testimony pertaining to many dealings between the husband and

wife, and between them and others, and many circumstances were brought out in the testimony in support of the judgment of the court, but it is not practicable to narrate all the facts or to recount all the circumstances upon which the judgment rests. It is enough to say that an examination of the testimony satisfies us that it is sufficient to uphold the findings of the court.

As to the sale of the personal property by the husband to the wife, the court found that it was made without consideration, and for the purpose of hindering, delaying and defrauding creditors. The bill of sale, which was executed just before the plaintiff's debt became due, purported to transfer to her all the personal property of the husband used or kept on the farms. It included thirty-five head of cattle valued at $4,510, eleven horses and mules valued at $1,785, a number of hogs valued at $210, several sets of harness valued at $185, farm implements and equipment valued at $2,249, grain, hay and other products of the farm valued at $6,580, all of the value of $15,510. This property was recognized to be that of the husband and was transferred by him on the theory that he was indebted to his wife for the products of the farms, several of which, as we have seen, were owned by him. The circumstances developed in the testimony warranted the finding that the transfer was made to delay and defraud his creditors, including the plaintiff, from collecting his debts out of his property.

We find nothing substantial in the objections made to the admission of testimony. There is a contention that the declarations of the husband relating to his ownership of property were improperly received in evidence. They were made when he was in possession of the property. Being in possession of it he is presumed to be the owner of it, and his declarations are not to be treated as hearsay evidence, but admissible to illustrate the character of his possession and explain his claim of ownership. In *Hubbard v. Cheney*, 76 Kan. 222, 91 Pac. 793, it was said:

"The declarations of persons in possession of real property which illustrate the character of their possession and explain their claims of ownership are admissible to show the character and extent of their claims." (p. 225.)

30—109 KAN.

(See, also, *Hunnicutt v. Oren,* 84 Kan. 460, 114 Pac. 1059; *Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048; *Kimball v. Edwards,* 91 Kan. 298, 302, 137 Pac. 948; 3 Wigmore on Evidence, § 1779.)

Complaint is made of the instructions but the case was one for trial by the court. While the court took the advice of the jury on certain questions of fact, it ultimately determined the facts for itself and, besides, we find nothing in the instructions indicating that the court had an erroneous view of the law applicable to the facts or which would have been erroneous if the jury had been the trier of the facts.

The judgment is affirmed.