Gift v. Lennen.

No. 24,432.

Eli E. Gift, *Appellee*, v. O. L. Lennen, *Appellant*.

SYLLABUS BY THE COURT.

1. Demands Against Estate—*Statutory Notice of Presentation Required.* It is necessary to the power of a probate court to hear and determine a demand against an estate of a deceased person, that due notice of the presentation of the demand shall be served upon the executor or administrator and also that a copy of such notice shall be mailed to heirs or legatees or their guardian, if any, resident in the county where the claim is presented.

2. Same — *Claim Allowed Upon Insufficient Notice — Hearing Should Be Opened Up.* One who purchases land of the estate from heirs is entitled to be heard upon an application to open the proceeding in the probate court in which an allowance was made against the estate upon insufficient notice.

Appeal from Finney district court; Charles E. Vance, judge. Opinion filed May 12, 1923. Reversed.

*A. L. Ferris,* of Ness City, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an appeal from a judgment refusing to set aside an order of the probate court allowing the claim of Eli E. Gift against the estate of Henry Torson, deceased.

The heirs of Torson had joined in conveying the real estate which Torson owned at the time of his death to O. L. Lennen. This appears to have been done on the theory that there were no outstanding debts of the deceased. Afterwards and on November 7, 1921, the probate court allowed a demand of Eli E. Gift against the estate for $588.57. A notice of the hearing upon the demand had previously been waived by the administrator of the estate. No notice was given to the heirs of Torson or others interested in the estate. On January 23, 1922, Lennen filed an application alleging among other things that he had purchased the land from the heirs of Torson before the presentation and allowance of the claim, that no notice of the claim, or that a hearing thereon was to be had, had been given to him, and that he did not learn of the allowance until December 12, 1921. He further alleged that the claim of Gift was invalid, that the estate of Torson was not indebted to him in any sum, and that if the award was allowed to stand it would become a lien on the

land he had purchased and occasion a loss to him to the amount of the invalid claim. The probate court denied the application and upon an appeal to the district court a like ruling was made. His interest was such that his application should have been granted and the allowance of the demand should have been set aside. The record discloses that no notice of the demand of Gift or of its presentation to the probate court was given: to the heirs or to Lennen. The notice to the administrator alone was insufficient. Prior to 1911 a notice to the executor or administrator of the presentation of a demand met the statutory requirements, but the legislature of that year amended the law by requiring that a copy of the notice should be mailed to each of the heirs or legatees or their guardian, if any, resident of the county in which the claim is presented, and this is to be done within two days after it had been served upon the executor or administrator. (Laws 1911, ch. 188, § 5.) The additional notice is as essential to the jurisdiction of the probate court to hear and determine demands against an estate as is the notice to the executor or administrator himself, and for this reason the case should have been reopened and the order set aside. Lennen had succeeded to the rights of the heirs of Torson, and in a sense stood in their shoes; and as the demand, if allowed, would become a lien upon the land the heirs sold to him, he had a right to be heard before such demands were allowed. It may be assumed that if notice had been given to the heirs they would, for their own protection, have notified Lennen. He cannot be regarded as a stranger or interloper in the proceeding. In considering the rights of parties interested in the allowance of demands against an estate and of notice to them under the prior statute, it has been said:

"How is the court to hear and determine such demands? By hearing only those who advocate the demands? Shall the court limit the hearing of objections to those who have direct claims against the estate? Or in fairness and justice should not the court hear also the protest of those who are vitally interested, although indirectly, in the disposition of the assets? More broadly expressed, should not the court make the sifting of the truth—the merit of the claim—its principal concern and hear all who may be able to throw light on the subject regardless of their interest?" (Sarbach v. Deposit Co., 99 Kan. 29, 160 Pac. 990).

Another provision of the statute, relating to allowance of demands and the settlement of estates, is that if an account is settled in the absence of a party adversely interested and without actual notice to him, the account may be opened at any time within six months

thereafter at any settlement, and that all former accounts in which there is a mistake or error may be corrected. (Gen. Stat. 1915, § 4646). It is the manifest policy of the law, that persons adversely interested are entitled to a hearing, and that the court should not hesitate to open up a case and correct an allowance, where it is alleged by an interested party, that the claim is invalid or where justice requires that a correction should be made. Here the notice given was obviously insufficient to warrant the probate court in hearing and determining the validity of the claim and therefore the judgment of the district court is reversed with directions to set aside the order of allowance.