No. 24,432.

*In re* the Estate of HENRY TORSON, Deceased. ELI E. GIFT, *Appellee*, v. O. L. LENNEN, *Appellant.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

DEMAND AGAINST ESTATE—*Statutory Notice of Presentation Required.* In the presentation of a demand against the estate of a deceased person, due notice must be given to the administrator of the estate and if heirs or legatees or the guardians of either reside in the county of presentation, a copy of the notice must be mailed to each within two days after the notice is served, but no notice is required to be mailed to such parties who reside outside of the county.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion on rehearing filed October 6, 1923. Reversal set aside. Judgment affirmed. (For original opinion see 113 Kan. 467, 215 Pac. 278.)

*A. L. Ferris*, of Ness City, for the appellant.
*H. O. Trinkle*, of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The judgment in this case was reversed upon the ground that copies of a notice of a hearing upon a demand against the estate was not given to heirs or legatees, or their guardian, resident in the county where the demand was presented. (*Gift v. Lennen,* 113 Kan. 467, 215 Pac. 278.) In the abstract of the case there was nothing to show that the heirs or legatees or their guardians were not residents of the county where the claim was presented, and there was no contention made in the briefs or oral arguments that they were nonresidents. It was, therefore, assumed by the court that the interested parties not notified were residents of the county. It is now made to appear to have been an admitted fact at the trial that the heirs of Henry Torson were not residents of the county. It is contended, therefore, that the mailing of a copy of the notice to the nonresident heirs of the hearing upon the demand was not essential to the jurisdiction of the court to hear and determine it. Before the amendment of the act relating to a hearing upon demand against an estate, a notice to the administrator was all that was required. The amendment provided that after service upon an administrator he "shall thereupon mail a copy of such notice to each of the heirs, or legatees, or their guardian, if any, resident in the county in which the claim is presented, and shall make his affidavit showing such notice to have been so mailed, and the same must be mailed within two days after the notice is served upon the administrtor." (Laws 1911, ch. 188, § 5; Gen. Stat. 1915, § 4576.)

Was the notice given to the administrator a compliance with the statute, or was it necessary for the administrator to mail copies of the notice to the heirs of the deceased Torson outside of the county wherever they may have been located, and whether or not their residences could be readily ascertained? The terms of the statute are clear and definite. The added service by mail is required to be given to heirs or legatees, or the guardian of either, if any is resident in the county. No notice is required to be given to those residing outside of the county and the court is not warranted in extending the requirements of the statute by a forced interpretation.

It is argued that it is unreasonable to suppose that the legislature intended that heirs or legatees living in the county and likely to know that a claim had been presented should be given notice, but

that no notice should be given to heirs outside the county likely to be unaware of the presentation of claims against the estate. The legislature may have proceeded on the theory that heirs or legatees might be living in remote places and their places of residence could not be obtained and notice served within a reasonable time. It will be observed that only ten days' notice of the presentation of a demand is required to be given, and this brief time would indicate that the administrator was not expected to search for and notify heirs living outside of the county and whose places of residence could not easily be found. It cannot be said that the heirs and legatees are without representation or protection. In a sense the administrator is the representative of creditors, heirs, legatees and all who are interested in the estate. (11 R. C. L. 23.) It may, therefore, be said that while the heirs are concerned in the estate, they had representation through the administrator at the hearing upon the challenged demand.

In view of the fact that the required notice was given to the administrator and that no other of the interested parties resided in the county where the claim was presented, it is held that the order of reversal first entered must be set aside and the judgment of the district court affirmed.