No. 28,531.

Mrs. C. Beach, *Appellant*, v. B. B. Norris, as Executor of the Estate of W. H. Barlow, Deceased,`Appellee*.

(274 Pac. 256.)

Opinion filed February 9, 1929.

*J. R. Hyland,* of Washington, for the appellant.

*A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This proceeding involves the question of the finality of an order of the probate court allowing a claim against an estate, without notice to an heir or devisees whose property was later attempted to be sold for the payment of the claim.

The pertinent facts shown by the record, which disclose more specifically the question before us and how it arose, are as follows: On March 23, 1922, W. H. Barlow executed his will, which was probated November 24, 1924, which, we presume, was soon after his death. He left surviving him two married daughters, and he had real property in Noble county, Oklahoma, and in Washington county, Kansas, and some personal estate. By his will he made a specific bequest to certain grandchildren, devised to his daughter, Mrs. Ada E. Fladd, the Oklahoma land for life, with remainder to certain grandchildren and great-grandchildren named, and directed

that the amount of money from the proceeds, representing three-fourths of the remainder of his estate, be set aside as a trust fund for the benefit of his daughter, Mrs. Clara Beach, the income to be paid to her each year, together with one-fifteenth of the principal, until the whole of the principal was disbursed to her. The remainder was devised and bequeathed to his daughter, Mrs. Ada E. Fladd. B. B. Norris was nominated as executor, and was later appointed by the court and qualified. The provisions of this will are not in controversy in this proceeding. A statement of its terms is made to show the interest of Mrs. Clara Beach in the estate of her father.

On March 6, 1925, Ada E. Fladd presented a claim against the estate, which, after the caption, reads:

"PROOF OF DEMAND AGAINST ESTATE.

"Said Estate to Ada E. Fladd.................................Dr.
Board, room and laundry from September first, 1917, to March 23d, 1922, or 237 weeks, at $10.50 per week.................... $2,488.50"

This was sworn to by the claimant. This was exhibited to the executor with a notice that the claim, or demand, would be presented to the probate court for allowance on a day named. The executor, in writing, acknowledged service of such notice, and by a further writing waived the notice of the presentation of the claim to the court for allowance and gave his consent that the same be presented at any time. On April 22, 1925, the claim was presented to the court and allowed. Neither the executor nor anyone in his behalf appeared. Mrs. Clara Beach resided in California, and had no notice, either actual or constructive, of the presentation or allowance of this claim.

In April, 1927, the executor petitioned the court for authority to sell the real property in Washington county for the payment of debts. The petition alleged that the debts due from the estate, as nearly as they could be ascertained, amounted to $4,310; that the probable cost of administration was $300, and that the total value of personal assets did not exceed $2,250; that on account of the insufficiency of the personal assets to pay the debts and cost of administration it was necessary that the real property described be sold.

The hearing of this petition was set for a day certain, and notice of it was given by publication in the newspaper.

Mrs. Clara Beach filed in court written objections to the sale of

the real estate, for the reasons, among others: That from the files in the case it appears that such sale was necessary for the purpose of paying the claim of Ada E. Fladd in the sum of $2,488.50, allowed April 22, 1925, the personal estate being sufficient to pay all other claims; that Mrs. Clara Beach is, and has been since the probate of the will, a nonresident of the state, and had no notice of the allowance of the claim; that the claim shows on its face that, excepting a few items, it was barred by the statute of limitations, which the executor had no right to waive; and that there was an absence of any claim of a legal contract for such service.

On the hearing of the petition for the sale of real estate the executor objected to the contentions of Mrs. Clara Beach for the "reason that said claim has been regularly allowed and is conclusive as to the said Mrs. Clara Beach." The probate court sustained that view, and Mrs. Clara Beach appealed to the district court. In the district court the executor demurred to the objections of Mrs. Clara Beach to the sale of the real estate. This demurrer was sustained, and Mrs. Clara Beach has appealed.

Appellant contends that an heir or devisee who had no notice of the filing and allowance of a claim against an estate may, at the hearing of a petition for the sale of real estate for the payment of debts, the granting of which would be in effect an order for the sale of his property to pay the debt, contest the legality and justice of such claim. In *Black v. Elliott,* 63 Kan. 211, 65 Pac. 215, it was held:

"In any proceeding brought either in the probate court or in equity for the purpose of subjecting the lands of a deceased person to the payment of the debts of such person, the heir or devisee of such person, or one claiming under him, may contest the legality or justness of such claim, and this regardless of whether it has been duly allowed by the probate court as a claim against the estate. Such allowance is not binding upon such heir or devisee or other person in such proceeding." (Syl. ¶ 2.)

The allowance of a claim against an estate in the probate court, *ex parte* and without notice to heirs or devisees, is for the information of the court and convenience of the executor and is only *prima facie* correct, and is subject to correction of any errors or mistakes thereafter discovered in it, without appeal, in any direct proceeding to review it or set it aside. (*Musick v. Beebe, Adm'r,* 17 Kan. 47.) The allowance of a claim against the executor or administrator, *ex parte* and without notice to the heirs or devisees, is in a proceeding to subject real estate to the payment of debts, *prima facie*

against the heirs or devisees of its validity and due presentation; that is, it justifies an executor in presenting a petition for the sale of real estate to pay claims so allowed, and justifies the court in making an order for such sale; provided, of course, no heir or devisee who had no notice of the allowance of the claim makes any objection to the legality or justice of the claim. (*Thomas v. Williams*, 80 Kan. 632, 103 Pac. 772. See, also, *Young v. Scott*, 59 Kan. 621, 54 Pac. 670; *Calnan v. Savidge,* 68 Kan. 620, 624, 75 Pac. 1010; *McLeod, Adm'r, v. Butts*, 89 Kan. 785, 786, 132 Pac. 1174; Marshall's Kansas Probate Law, § 881; 11 R. C. L. 200, 338, 340; and 24 C. J. 282, 283, 284, 603, 604, and cases there cited.)

These authorities announce or apply the rule that, generally speaking, the law contemplates that parties in interest shall have a day in court, and that in the presentation and allowance of claims against an estate, where notice is given to the executor or administrator only, and the heirs or devisees whose property ultimately may be subjected to the payment of the claim have no notice, the executor or administrator acts somewhat in the capacity of an auditor, and that upon the final settlement of his accounts, or upon the hearing of a petition to sell real property of the heirs or devisees for the payment of debts, the heirs or devisees, being the real parties in interest, are entitled to a hearing upon the legality and justness of the claim, and that upon such hearing the real parties in interest are the claimant, on the one hand, and the heirs or devisees whose property is sought to be subjected to the payment of the claim, on the other, and that when such heirs or devisees in such proceeding question the legality or justice of the claim, the claimant must establish it by evidence sufficient to establish a debt in an ordinary action therefor. The previous decisions of this court accord with these authorities. In one respect they may appear to differ slightly. In some of our cases, previously cited, there is language to the effect that the allowance of the claim by the probate court, without notice to heirs or devisees, was *prima facie* evidence of its validity and justice. But that was said in cases in which the validity or justice of the claim was not put in issue by an heir or devisee. The allowance, of course, is such *prima facie* evidence of the legality and justness of the claim, when those questions are not put in issue, as to authorize the executor or administrator to predicate thereon a petition for the sale of real property and to give the court jurisdic-

tion and authority to allow such petition. But we have no decision to the effect that when the legality and justness of the claim are directly put in issue by an heir or devisee the fact that the claim had been previously allowed by the probate court placed upon the heir or devisee the burden of proof of the illegality or the injustice of the claim.

Appellee concedes that the rule of law contended for by appellant was the law of this state until 1923, when the court decided the case of *Gift v. Lennen,* 113 Kan. 467, 114 Kan. 322, 218 Pac. 996, and contends that the decision of this case changed the law of this state on that question. This contention misconstrues the decision. In that case the court had before it the construction of R. S. 22-713, which provides that the claimant shall give notice to the executor or administrator ten days before presenting the account to the court, and that the administrator shall thereupon mail a copy of such notice to each of the heirs or legatees, or their guardian, if a resident in the county in which the claim is presented. The question was whether the statute required the administrator or executor to send a notice of the claim to an heir or devisee who was a nonresident of the county. That was the only question before the court. This court held that the statute did not require the giving of a notice by the administrator or executor to an heir or devisee who was a non-resident of the county. It may be noted that this statute was amended by chapter 193 of the Laws of 1927, by omitting the requirement that the executor or administrator should give notice to the heirs or devisees. R. S. 22-713 was in effect at the time the claim in this case was presented, but since, as interpreted in *Gift v. Lennen,* supra, it did not require the executor or administrator to give notice to heirs or devisees who were nonresidents of the county, it had no application to the facts in this case. The result is there is nothing in any of our decisions contrary to the rule of law contended for by appellant.

Appellee cites R. S. 22-915 as fixing a limitation upon the time in which the allowance of a claim may be questioned by one who had no notice. The section refers to accounts settled in the absence of one adversely interested and applies only incidentally to allowance of claims.

Appellee argues that the attack here made upon the allowance of the claim is a collateral attack. This argument lacks merit. The

attack is made in the probate court in the form of objections to the petition for the sale of real property to pay it and is one of the methods of direct attack upon the claim within the authorities above referred to.

The judgment of the court below is reversed for further proceedings in accordance with the views herein expressed.