No. 28,531.

Mrs. C. Beach, *Appellant*, v. B. B. Norris, as Executor of the Estate of W. H. Barlow, Deceased, *Appellee*.

(275 Pac. 1080.)

Opinion denying a rehearing filed April 6, 1929. (For original opinion of reversal see 127 Kan. 619, 274 Pac. 256.)

*J. R. Hyland*, of Washington, for the appellant.

*A. E. Crane, B. F. Messick* and *A. Harry Crane*, all of Topeka, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellee moved for a rehearing "for the reason the court in its opinion overlooked the decision of *Gift v. Lennen*, 114 Kan. 322," 218 Pac. 996. It would appear that counsel who prepared the motion for rehearing had not read the opinion, for it is clear that the decision in that case was not overlooked. The case was specifically cited and discussed (*Beach v. Norris*, 127 Kan. 619, 623, 274 Pac. 256), and we endeavored to point out the reason why the decision in that case was not applicable to the case under consideration. In an amended motion for rehearing counsel for appellee quotes from our former opinion in this case much of what was said about the decision in *Gift v. Lennen*, and says "it is hard to follow the reasoning in this opinion," and argues, as in the original brief, that the legal question decided in *Gift v. Lennen* is identical with the question involved here, and that the following of the decision in that case requires an affirmance of the judgment of the court below in this case.

While we think the distinction between the two cases was made at least reasonably clear in our former opinion, we shall go over the question again with the hope that we can state it so counsel can understand it.

The facts and questions involved and decided in *Gift v. Lennen* may be stated briefly as follows: Henry Torson, a resident of and an owner of real property in Finney county, died intestate April 15, 1921. In September, 1921, O. L. Lennen, a resident of Ness county, purchased from the heirs of Henry Torson the real property which

he owned in Finney county at the time of his death, and procured deeds, or a deed, from such heirs for that property, which deeds were duly recorded in the office of the register of deeds of Finney county. On September 24, 1921, Eli E. Gift, claiming to be a creditor of Henry Torson, filed in the probate court of Finney county an affidavit of the death of Henry Torson, with a schedule of his property— being the real property which the heirs had sold to Lennen—and asked that an administrator be appointed, and on October 1, 1921, John T. Reed was appointed as such administrator. On October 29, 1921, Eli E. Gift filed a verified claim against the estate of Henry Torson for a balance of $589.96, claimed to be due him from Torson on a mutual account which was itemized. A notice, or exhibit of demand, of this claim was served on the administrator, with a notice the same would be presented to the court for allowance on November 7. The administrator in writing waived notice of presentation of the claim and consented that the same be presented at any time. On November 7, 1921, the claim was presented to the court and allowed and assigned to the third class. No notice of any of these proceedings in the probate court was given to the heirs of Henry Torson or to O. L. Lennen, their grantee. On January 23, 1922, O. L. Lennen filed a motion in the probate court, setting out that he had purchased the land from the heirs before an administrator was appointed; that he had no notice of the appointment of the administrator, or of the filing and allowance of the claim of Eli E. Gift, and alleged that he had a good defense to such claim in that Torson was not indebted to Gift, and moved the court to set aside the order of November 7, 1921, allowing the claim. This motion was overruled by the probate court, and Lennen appealed to the district court, where evidence was taken as to his knowledge of Gift's claim before he purchased from the heirs. The court affirmed the ruling of the probate court and Lennen appealed to this court. The questions presented to this court were, *first,* whether notice of Gift's claim should have been given to the heirs, and, *second,* if Lennen, the purchaser from the heirs, could raise that question. As to the first of these it was held:

"It is necessary to the power of a probate court to hear and determine a demand against an estate of a deceased person, that due notice of the presentation of the demand shall be served upon the executor or administrator and also that a copy of such notice shall be mailed to heirs or legatees or their guardian, if any, resident in the county where the claim is presented." (*Gift v. Lennen,* 113 Kan. 467, syl. ¶ 1, 218 Pac. 996.)

And in the opinion it was said:

"The record discloses that no notice of the demand of Gift or of its presen-- tation to the probate court was given to the heirs or to Lennen. The notice to the administrator alone was insufficient. Prior to 1911 a notice to the executor or administrator of the presentation of a demand met the statutory requirements, but the legislature of that year amended the law by requiring that a copy of the notice should be mailed to each of the heirs or legatees or their guardian, if any, resident of the county in which the claim is presented, and this is to be done within two days after it had been served upon the executor or administrator. (Laws 1911, ch. 188, § 5.) The additional notice is as essential to the jurisdiction of the probate court to hear and determine demands against an estate as is the notice to the executor or administrator himself, and for this reason the case should have been reopened and the order set aside." (p. 468.)

The statute of 1911 referred to in this quotation is R. S. 22-713, which has since been amended (Laws 1927, ch. 193). On the second question presented it was held that Lennen could raise the question of want of notice. The judgment of the court below was reversed. On the motion for rehearing it was made clear, for the first time, that none of the heirs of Henry Torson resided in Finney county, and it was contended that the statute of 1911 (R. S. 22-713) did not apply to them. A rehearing was granted. The question was then presented of whether the statute applied to heirs, legatees or guardians who were nonresidents of the county. On that question the court held:

"In the presentation of a demand against the estate of a deceased person, due notice must be given to the administrator of the estate, and if heirs or legatees or the guardians of either reside in the county of presentation, a copy of the notice must be mailed to each within two days after the notice is served, but no notice is required to be mailed to such parties who reside outside of the county." (*Gift v. Lennen,* 114 Kan. 322, 218 Pac. 996.)

The opinion discloses this was the only question considered by the court. At no time in the presentation of the case were *Black v. Elliott,* 63 Kan. 211, 65 Pac. 215, or *Musick v. Beebe, Adm'r,* 17 Kan. 47, or any of the other authorities cited in our former opinion in this case (127 Kan. 622, 274 Pac. 256) cited, nor were the legal principles of those authorities referred to or relied upon. In neither of the opinions in *Gift v. Lennen* did the court consider those authorities or the legal principles announced in them. Counsel have no sound basis for their assertion that by the decision in *Gift v. Lennen* the former decisions of this court, cited as authority for the former opinion in this case, were overruled.

It is possible the parties in *Gift v. Lennen* had a situation in which they could have presented the question presented to us in this case—we shall not further analyze the record to see if that could have been done. The fact is they did not present that question, and it was not considered nor decided in that case.

The motion for rehearing is denied.