No. 34,389

Sarah Icenogle, *Plaintiff*, v. W. R. Mitchell, as Judge of the Fifteenth Judicial District of the State of Kansas, Sitting in and for Jewell County, *Defendant*.

(89 P. 2d 857)

Opinion filed May 6, 1939.

*Ralph H. Noah,* of Beloit, for the plaintiff.

*D. F. Stanley* and *L. E. Weltmer,* both of Mankato, for the defendant.

The opinion of the court was delivered by

Thiele, J.: The present proceeding in mandamus is brought to compel the district court of Jewell county, Kansas, to grant a jury trial in the action hereinafter mentioned.

Sarah Icenogle and C. W. Medcalf had engaged in a real-estate transaction, and to secure her claimed rights she had filed an action against him. With reference to that action, the motion for the writ of mandamus discloses that on December 20, 1938, plaintiff filed her third amended petition; on March 1, 1939, defendant filed his answer, and shortly thereafter the plaintiff filed her written demand for a trial by jury, which was refused. It is not necessary that we set out allegations that the action was one for the recovery of money under a contract; that plaintiff had no adequate remedy at law, etc. Attached to the motion are copies of the pleadings above referred to.

Briefly summarized, it was alleged in the third amended petition that on March 14, 1936, the plaintiff owned an eighty-acre tract of land and that a three-way trade was arranged whereby one Hart conveyed a residence property to plaintiff, plaintiff conveyed her land to Hart, and Hart and defendant Medcalf made a trade as a result of which Medcalf had about $2,280 invested in the land. Medcalf was to sell the land, and after deducting his $2,280 and interest and a reasonable commission, was to pay the balance of the consideration received to the plaintiff. During his possession of the

land Medcalf collected rents totaling $244.54 and paid taxes amounting to $60.35. He ultimately sold the land for $3,600. It was alleged a reasonable commission was $100, and after deducting that amount and interest, the specific amount not being stated, there was due to the plaintiff from Medcalf the sum of $1,223.29, for which she prayed judgment. To this third amended petition Medcalf filed a verified answer consisting of a general denial qualified by admissions that plaintiff owned the land prior to March 14, 1936; that deeds from Hart to Medcalf had been recorded; that Medcalf had paid taxes on the land; that he had sold the land for $3,600 less a $100 commission and that $1,600 of the purchase price was a mortgage to him on the real estate. On the showing thus made, an alternative writ of mandamus issued.

The answer to the alternative writ admits all of its allegations except that the action of *Icenogle v. Medcalf* was for recovery of money under a contract, that plaintiff had no adequate remedy at law, etc., and it is alleged that the original petition and the three subsequent amended petitions presented an attempt by the plaintiff on equitable grounds to enforce an alleged oral contract concerning real estate and for an accounting based thereon. Copies of the original petition and of the first and second amended petitions were attached. It is also alleged that on the showing made, defendant should have judgment, and that relief was prayed.

Without attempting complete analysis, it may be said the original petition alleged the real-estate exchanges heretofore mentioned and that Medcalf agreed he would resell the eighty acres, would deduct a reasonable commission, interest on the money he put into the deal, account for the crops after paying taxes, and give plaintiff the balance, and that Medcalf had sold the land. It was then alleged that plaintiff was entitled to an accounting, and the prayer of the petition was for an accounting and for judgment for such sum as the evidence disclosed the plaintiff was entitled. The first amended and the second amended petitions contained added allegations as to details, but with respect to the right to an accounting and the nature of the relief prayed, all of the first three petitions were almost identical.

The refusal of the defendant to grant a trial by jury is predicated on the ground the pleadings disclose an action in equity and not an issue of fact arising in an action for the recovery of money. In sup-

port three of our decisions are cited: *Spena v. Goffe,* 119 Kan. 831, 241 Pac. 257, and *Sipe v. Taylor,* 133 Kan. 449, 300 Pac. 1076; both state the rule that in a suit in equity a party is not entitled to a jury trial as a matter of right. The third case is *Fisher v. Rakestraw et al.,* 117 Kan. 441, 232 Pac. 605. There plaintiff traded a farm for a stock of goods under a contract whereby value of the latter was to be determined. Deeds and bill of sale were placed in escrow and each party went into possession of what he was to get. Difficulties arising, the plaintiff brought an action for accounting. Defendant answered and filed a counterclaim based on allegations of fraud. Defendant's demand for a jury was refused, and, on appeal, he assigned error. This court reviewed some of our decisions respecting right of trial by jury, holding that in civil actions a jury can be claimed as a matter of right only in actions for the recovery of money, or for possession of real estate, and that although issues of fact may be involved in actions, in order that a jury be demandable as a matter of right, they must be of the classes noted. Attention is there directed to *Larkin v. Wilson,* 28 Kan. 513, holding that where plaintiff's suit is essentially one stating a cause of action in equity, defendant cannot alter its character into an action of law triable as of right before a jury by setting up a counterclaim in the nature of ejectment. Attention is also directed to *Butts v. Butts,* 84 Kan. 475, 478, 114 Pac. 1048, where it was said:

"It is true that the courts recognize the doctrine that where the action should have been, and in substance is, an action for the recovery and possession of real estate the right of the defendant to a jury cannot be defeated by the mere device of the plaintiffs in bringing the action in an equitable form. (See *Gordon v. Munn,* 83 Kan. 242.)" (p. 478.)

The record here discloses that issues were not joined until the plaintiff had filed her fourth petition—the third amended one. Because the first petition asked for an accounting, it is assumed by defendant that it was an action in equity. Under the circumstances we do not find it necessary to determine whether it was or not, but it is suggested that that petition disclosed a situation where defendant had made a contract to sell the eighty acres, at a price not fixed in the contract, and to pay to the plaintiff any amount received over a certain figure. Sale at a certain figure was alleged as was refusal to pay. At that stage plaintiff, by her pleadings, did not know just what had occurred in the way of handling the lands between date of the contract and date of the sale of the land. She sought disclosure

and a judgment for what the evidence disclosed. But whether that petition or the two subsequent ones may be said to have disclosed an action in equity, it seems clear that the last petition—and it is the one with which we are concerned—disclosed clearly a contract on defendant's part to take the eighty acres of land, collect the rents, pay the taxes, sell the lands, and after deducting his own investment, interest and a commission, to pay to plaintiff the overplus. If to determine the amount of that overplus requires what may be called an accounting, it is incidental to the action on the contract. (*Hasty v. Pierpont*, 146 Kan. 517, 72 P. 2d 69.)

Assuming complaint could have been made because of change of theory, election of remedies, or any other reason, the record discloses none. We now have before us an amended petition disclosing a contract for the payment of money, and an answer denying the contract. Plaintiff's request for a trial by jury should have been granted.

If the order denying plaintiff's motion for a jury trial be set aside within thirty days from the filing of this opinion and an order be made granting a jury trial, this proceeding will be dismissed without costs to either party.