## H. H. McCARDELL, *et al.,* v. H. W. McNAY.

TRIAL BY JURY; *When a Matter of Right, and When Not.* In civil actions a jury can be claimed as a matter of right only for the trial of "issues of fact arising in actions for the recovery of money, or of specific real or personal property." Therefore, in an action to have a certain deed set aside, and to have the land mentioned in such deed made subject to the payment of a certain judgment previously rendered in favor of the plaintiff and against one of the defendants, the defendants were not as a matter of right entitled to have the issues tried by a jury.

### *Error from Morris District Court.*

THE only question submitted upon the record here, is, whether plaintiffs in error were entitled to a trial by jury. The facts upon which the question arises, are fully set forth in the opinion. The district court, at the October Term 1874, refused to impannel a jury, and thereupon tried the case, and gave judgment for *McNay,* plaintiff. The defendants bring the record here for review.

*Bradley & Nicholson,* for plaintiffs in error.

*Sharp & Johnston,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On the 9th of September 1874, defendant in error filed his petition in the district court of Morris county, against plaintiffs in error and one F. M. Chase, alleging, that he had obtained a judgment against H. H. McCardell (one of the plaintiffs in error) for a certain sum, before a justice of the peace; that the justice before whom said judgment was obtained was legally qualified, etc.; that he (defendant in error) filed a transcript of said judgment in the office of the clerk of the district court, according to law, on the 30th of July 1874; that said judgment was wholly due and unpaid; that the debt upon which said judgment was obtained, was, upon the 20th of February 1874, in whole, or in part, an existing subsisting debt; that upon said 20th of February 1874, H. H. McCardell was the owner in fee simple of certain real estate (described in the petition,) and that said real estate was at that time of the value of $3,000; that at that time (20th February 1874,) H. H. McCardell was deeply indebted to sundry and divers persons, including the defendant in error, of which fact F. M. Chase and Matilda McCardell had full knowledge; and that said H. H. McCardell, F. M. Chase and Matilda McCardell, at said time (20th February 1874,) unlawfully and fraudulently conspired together to cheat, defraud, hinder and delay the creditors of said H. H. McCardell, and, to prevent said real estate from being applied to the payment of his just debts, and keep the same to the use of said H. H. McCardell in fraud of the rights of his said creditors, that a deed was made to said Chase for said premises, without any consideration therefor. Such petition closes by asking that said deed be set aside, and that said real estate be subjected to the satisfaction of the judgment set forth in said petition, etc. H. H. McCardell and Matilda McCardell answered, traversing the petition by a general de-

nial.  F. M. Chase filed a·demurrer, which was overruled, and then by leave of court filed a general denial.  When the said cause came on for trial, the defendants demanded a trial by jury, which was refused by the court, and defendants duly excepted.  The court gave judgment for the plaintiff, and H. H. McCardell· and Matilda McCardell bring the case to this court.

The only question in the case in this court, is:  Did the court below err in refusing the defendants, plaintiffs here, a trial by jury?  This question must be answered in the negative.  This is not one of the actions in which a party is entitled to demand a jury as a matter of right.  In civil actions, a jury can be claimed as a matter of right only, for the trial of "issues of fact arising in actions for the recovery of money, or of specific real or personal property." (Gen. Stat. 680, § 266.) Now this is not an action for the recovery of money.  Neither is it an action for the recovery of real property.  Nor is it an action for the recovery of personal property.  The plaintiffs in error do not claim that this is either an action for the recovery of money, or for the recovery of personal property, but they seem to claim that it is an action for the recovery of real property.  Now the only action that could be brought for the *recovery* of real property would be an action in the nature of ejectment, such as is provided for by § 595 of the civil code; (Gen. Stat. 747.)  This is clearly not that kind of action.

The judgment of the court below must be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.