ALICE F. RICH, *et al.*, v. HENRY H. BOWKER, *et al.*

1. WILL, *Contest of; Incompetent Witnesses.* In an action brought by heirs-at-law against the executor and devisees to contest a will, under the provisions of ch. 117, Comp. Laws 1879, p. 1002, the executor, who is also a devisee, cannot testify in his own behalf concerning communications had personally by the defendant with the deceased testatrix.

2. ———— *Jury.* In an action to contest a will, the parties are not, as a matter of right, entitled to have the issues tried by a jury; and therefore when in such a proceeding certain issues of fact are submitted to a jury, the plaintiff has no legal right to demand that the jury render a general verdict.

3. ———— *Burthen of the Issues.* In an action to avoid a will on account of the incapacity and incompetency of the testatrix, and also of the undue influence of the devisees, the burthen of the issues rests upon the plaintiff, and he must first produce his evidence to support the allegations of the petition. (Comp. Laws 1879, ch. 117, § 20; Code, § 275.)

*Error from Franklin District Court.*

ACTION brought by *Rich* and two others, against *William H. Bowker* and *Henry H. Bowker,* and also against the latter as the executor of the last will of Caroline E. Bowker, deceased, to have the will, which had been probated, set aside and the probate thereof vacated. A copy of the will is as follows:

"*In the Name of the Benevolent Father of all:* I, Caroline E. Bowker, being of sound and disposing mind and memory, and realizing the uncertainty of life, for the purpose of settling my affairs while I have the strength and capacity so to do, hereby declare this to be my last will and testament.

"First, I commend my soul to God, who gave it, and my body to the earth to be buried; and of my estate I desire the following disposition to be made, to wit:

"*Item.*—I give and bequeath to my beloved grandson William Henry Bowker, when he shall have arrived at the age of twenty-one years, to be his and his heirs' forever, the north half of the northwest quarter of section 25, township 17, of range 20, Franklin county, Kansas—my intent herein being that, when he is of age, he shall, in fee simple, own the above-described premises.

"*Item.*—I give and bequeath to my son Henry H. Bowker all the residue of land I may own at the time of my decease which may be in section 25, township 17, of range 20, in said county and state, the same being twenty-eight acres of land, more or less, at this time.

"*Item.*—To my son Franklin Bowker I have recently conveyed by deed other lands in said county, amounting nearly to two hundred acres of land. And this will, with the bequests above named, makes the division of my real estate as I have intended to do for several months past.

"As I anticipate that I shall not have any indebtedness at the time of my decease, by reason of the loving care exercised towards me by my son Henry H. Bowker, and his family, I desire no appraisement of my estate, and that such appraisement may be dispensed with.

"I hereby appoint my son Henry H. Bowker my executor of this my last will and testament, hereby revoking all former wills by me made.

"In testimony whereof, I have hereunto set my hand and seal, the 24th day of July, 1878.

"CAROLINE E. $\times$ BOWKER.
                     her
                     mark.

"Signed and acknowledged by said Caroline E. Bowker as her last will and testament, in our presence, and signed by us in her presence.        COLUMBUS B. MASON.
                        JOHN P. LOGAN."

Trial at the May Term, 1879, of the district court, and

findings and judgment for the defendants. The plaintiffs bring the case here. Other facts are stated in the opinion.

*Jno. W. Deford,* for plaintiffs in error.
*C. B. Mason,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action under the statute, brought by plaintiffs Emily J. Grover, Alice F. Rich and Edwin Bowker, children of Caroline E. Bowker, deceased, against William H. Bowker and Henry H. Bowker, and also against Henry H. Bowker as executor of the last will and testament of Caroline E. Bowker, deceased, to have her will, which had been probated, set aside, and the probate thereof vacated.

No brief has been filed in this court on the part of the defendants, although the additional time allowed therefor has long since expired; but as we cannot longer delay the disposition of the case, we are compelled to pass upon the questions on the presentation made to us by plaintiffs, without the aid of argument or suggestion from the opposing parties. On the trial, Henry H. Bowker, one of the defendants, testified "That he went to Lane on the 4th day of July. When he returned she [Mrs. Caroline E. Bowker] was in an excited condition; that she told him she had had a conversation with Frank Bowker [one of her sons], and that he had become violent and abusive in his language toward her with reference to the disposition of her property." The plaintiffs objected to the witness testifying as to any communications had personally with the testatrix, on the ground that he was incompetent to testify to such communication under § 322 of the code, which objection the court overruled, and permitted the evidence to go to the jury. The plaintiffs then moved the court to withdraw the evidence from the jury, on the ground that it was irrelevant, incompetent and immaterial, which motion was also overruled. Sec. 322 reads as follows:

"No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir-at-law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person; nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case; nor shall such party or assignor be competent to testify to any transaction had personally by such party or assignor with a deceased partner or joint contractor in the absence of his surviving partner or joint contractor, when such surviving partner or joint contractor is an adverse party. If the testimony of a party to the action or proceeding has been taken, and he afterwards die, and the testimony so taken shall be used after his death in behalf of his executors, administrators, heirs-at-law, next of kin, assignee, surviving partner or joint contractor, the other party or the assignor shall be competent to testify as to any and all matters to which the testimony so taken relates."

Under the provisions of this section, the court committed error in admitting the evidence of communications with the deceased. The witness was not merely an executor, but also personally interested as a defendant. Under the will contested in the action, the witness and his son, William Henry, were the sole devisees. It does not appear that the testatrix left any personal estate. The plaintiffs, although not named in the will, were heirs-at-law of the testatrix, while the witness can only claim title to the real estate by virtue of the will. The witness acquired his title, if he had any, to the subject-matter underlying the cause of action immediately from the deceased. While the action was a contest over the will, the purpose of the proceeding was to defeat the title of the witness and his son given by the will, and thereby have the real estate apportioned among all the heirs-at-law in accordance with the provisions of the statute relating to descents and distributions. Within the spirit of § 322, the defendant ought not to have been permitted to prove by his

own oath the communications of the deceased to him, which perhaps might have been disproved had she been living. At least, the admission of the communications of the deceased gave the defendants an advantage, which his adversaries could not overcome, as the communications may have been colored by the interest of the witness, and no other person was living to testify concerning them. Not only this, but the letter of the section conflicts with the admission of such personal communication, under the circumstances of the case. The evidence excepted to was deemed by the court material, because it refused to withdraw it from the jury on the application of the plaintiffs. We think it was prejudicial, for although inadmissible under the code, it tended to support the defense that the will was drawn in accordance with the wishes expressed by the testatrix before she became speechless, or nearly so, by aphasy; and it also tended to prove that objection was taken by one of the heirs-at-law other than the defendants, just prior to her last sickness, as to the disposition which she intended to make of her property. From this, the jury may perhaps have inferred that the object in contesting the will was to defeat the intent and purpose of the testatrix in disposing of her property according to her wish and right, through an irregularity or technicality, rather than undue influence or any just cause. Again, to some extent this evidence may have affected the weight of the testimony of Franklin Bowker, who had been produced as a witness for plaintiffs.

After the instructions were given, the court delivered to the jury two special questions of fact, and directed them to return, as their verdict, answers to the same. The questions were: "Was the deceased, Caroline E. Bowker, on the 24th day of July, 1878, at the time the instrument propounded as her last will and testament purports to have been made, of sound mind and memory? If you answer the above interrogatory in the affirmative, then you will answer: 'Did Caroline E. Bowker then execute said instrument as her last will and testament, and was the same then and there in her pres-

ence attested by the witnesses whose names are thereunto subscribed, and did said witnesses see the execution of said instrument?'" The jury answered the interrogatories in the affirmative. The plaintiffs objected to the reception of the questions and answers, and moved the court to send the jury back to find a general verdict. The court denied the motion, and plaintiffs allege that this was error. Not so. This is not one of the actions in which a party is entitled to demand a jury as a matter of right. The statute prescribes that a jury can be claimed as a matter of right only, for the trial of "issues of fact arising in actions for the recovery of money, or of specific real or personal property." This action does not come within any of these terms. This is a statutory proceeding, and in such actions the legislature is fully competent to dispense with the jury. (Code, § 266; *Kimball v. Connor*, 3 Kas. 415; *McCardell v. McNay*, 17 Kas. 433; *Houston v. Comm'rs of Cloud Co.*, 19 Kas. 396.)

The instructions seem to have been properly given, and no error appears in the other proceedings, except in the order allowing the defendant to open and close the case. Under our practice, the party on whom rests the burthen of the issues is to first produce his evidence. (Code, § 275.) In this case the burthen was on the plaintiffs, and they ought not to have been deprived of the affirmative. We need not make further comment.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.