JOHN N. SHAHAN v. LEWIS E. TALLMAN, *et al.*

GARNISHMENT — *Practice* — *Error.* In a civil action against a garnishee, because his answer is not true and satisfactory as to the possession of money alleged to belong to the judgment debtors, in which action a personal judgment for money only is rendered against the garnishee, it is error to refuse to allow the jury to render a general verdict in the case.

*Error from Reno District Court.*

THE opinion states the case. Judgment for the plaintiffs, *Tallman & Sanborn,* at the January term, 1885. The defendant, *Shahan,* brings the case here.

*Vandeveer & Martin,* for plaintiff in error.

*Whiteside & Gleason,* for defendants in error.

Opinion by SIMPSON, C.: The petition alleges that Tallman & Sanborn are judgment creditors of Freese & Stealy, who pretend to be insolvent, but who in truth and fact are able to pay all their creditors; that they entered into a conspiracy with John N. Shahan, the plaintiff in error, and it was agreed between them that Freese & Stealy were to buy all the goods that they could on credit, and in the shortest time possible, and then make a pretended sale to Shahan, place the goods in his possession, fail to pay for them, and then share with Shahan the proceeds of their sale; that on the 21st day of January, 1884, the stock of groceries of Freese & Stealy had been increased by recent purchases to the value of more than $5,000, in accordance with said arrangement, when the usual amount of stock carried by them had been about $2,000; that Freese & Stealy were not being pressed by creditors at this time, and were able to pay all their indebtedness, but on that day, falsely and fraudulently intending to carry out their conspiracy to cheat their creditors, they made a pretended sale and transfer of all their goods to Shahan, the plaintiff in error; that the sale and transfer were without consideration, and made with the intent, as Shahan then well knew, of delaying, hindering and defrauding their creditors; that Shahan took possession of said goods, sold them, and now holds the proceeds of the sale fraudulently; that the claim of Tallman & Sanborn is for the purchase-money for a part of said goods; that a notice of garnishment was issued out of the district court of Reno county, and served on Shahan, together with a lot of interrogatories in the action, in which the defendants in error recovered a judgment against the firm of Freese & Stealy; that Shahan in his answer did not make a complete disclosure of all the facts as he knew them to be, and denied having any property, money or effects of Freese & Stealy in his possession or under his control, when he in fact had more

than the sum of $5,000 belonging to them; that he denied
that he knew the amount of the proceeds of said sale, when
in fact he had made the sale; that he answered that he paid
Freese & Stealy the proceeds of said sale, when in fact he had
not done so; that he claimed that the proceeds of the sale be-
longed to him, when in fact they did not; that Tallman &
Sanborn claimed to own by assignments, judgments against
Freese & Stealy, in favor of nine other creditors, the assign-
ments on their face being absolute transfers of said judgments
to Tallman & Sanborn; that they caused executions to be is-
sued on each of said judgments that were returned indorsed
"No property found."

The prayer of the petition is that the pretended sale of
goods to Shahan be declared null and void, and the proceeds
of their sale, now in the hands of Shahan, be applied to the
payment of the plaintiffs' claim, amounting to $1,363.67,
with interest; and for other relief.

The answer was a general denial, and an allegation that
the plaintiffs were not the real parties in interest; that the
alleged assignments of judgments to plaintiffs are only for
the purpose of this suit, and not *bona fide;* that the plaintiffs
paid no consideration therefor, and ought not to recover.

Trial was had at the January term, 1885, resulting in
a judgment for the defendants in error for $1,363.67, with
interest at seven per cent., and costs.    Motion for a new trial
overruled, and exceptions saved.

Assignments of error insisted on here are, denial of the
right of trial by jury; overruling demurrer to the petition;
and very many questions as to the admissibility of testimony.

After judgment, a pleading is to be construed in favor of
the pleader, and in support of the judgment; in this case
there was a judgment for money only against the plaintiff in
error.    This determines the nature of the action brought by
the defendants in error against the plaintiff in error, to be
the statutory action against the garnishee, because his answers
were not true and satisfactory; all other things stated in the

petition were unnecessary, or are to be considered as an inducement to the statement of the main cause of action. Under the allegations of the petition, the stock of goods having been sold and converted into money, the only possible relief for the plaintiffs below would be a money judgment. This money was alleged to be in the possession of the plaintiff in error, a process of garnishment was served on him, with a list of interrogatories; he answered, denying that he was in the possession or control of the money. He had the opportunity to return the money into court and be discharged with his costs. He chose another course, and denied the possession of the proceeds of the sale. This action was instituted in pursuance to § 219, civil code, to recover from him the amount of money in his possession as proceeds of the sale, sufficient to pay the judgments, with interest and costs. It is an action for the recovery of money within the meaning of § 266, civil code. (*McCardell v. McNay*, 17 Kas. 433.)

The plaintiff in error was entitled to the general verdict of a jury on the issues in the case, and it was prejudicial error for the court below to refuse to submit the issues to the jury, when it was demanded. For this error, the case must be reversed; and as this disposes of the case in this court, only such errors will be noticed as might cause a return of the case here. Viewing the pleading as we do now, Freese & Stealy are not necessary parties, and there is a misjoinder as to them.

As to the other judgments alleged to be assigned to the defendants in error, if garnishment proceedings were had against the plaintiff in error on each one of them, the right to recover in this action on each one of them as against the plaintiff in error does not depend upon previous knowledge of fraud or conspiracy on the part of the plaintiff in error with Freese & Stealy, but upon the naked fact whether or not the plaintiff in error has money in his possession belonging to the judgment debtors. It matters not how he came into the posssession of it: if it belongs to the judgment debt-

ors, and he refused to pay it over in obedience to the order of garnishment, he is liable in this action for it to the extent of the judgments with interest.

It is recommended that the judgment be reversed, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.