THOMAS MACLELLAN V. CONRAD SEIM et al.

No. 8993.

1. JURY TRIAL — *in equity case, not of right but court may order.* While in a cause of an equitable character neither party can demand a jury as a matter of right, and usually the better practice is for the court to try it alone, yet the court may in its discretion order any issue or issues of fact to be tried by a jury, and error will not lie unless for an abuse of such discretion.

2. FINDING OF JURY — *not disturbed because one witness believed rather than three.* The evidence and the findings of the jury examined and *held* that the latter are supported by the former, and as they were approved by the trial court the judgment based thereon will not be disturbed by this Court.

*Error from Morris District Court.*
*Hon. James Humphrey, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*Harrison & Adams,* for plaintiff in error.

*J. K. Owens,* for defendant in error, Conrad Seim.

MARTIN, C. J.    I. The action in the court below was brought by Conrad Seim for the purpose of setting aside a deed to certain real estate in Parkerville, Morris County, alleged to have been forged, and enjoining the Register of Deeds from filing and recording any deed from Thomas Maclellan for said property.

Maclellan filed an answer setting up a right to the real estate, and asking that his title be quieted, or that he be decreed to hold a first lien thereon for the sum of $750 and interest, and also for $38.01 for taxes paid on the property for the year 1889. The case was called for trial at March term, 1892, when the plaintiff below demanded a jury ; to which the defendant objected, insisting that the case should be tried by the Court. A jury was called, however, to try the issues, although no general verdict was returned. The plaintiff in error claims that it was error to try. the issues by a jury. The cause was equitable in character, and might have been tried by the Court alone, notwithstanding a demand for a jury by either party ; as neither could demand it as a matter of right. It is usually the better practice for the court to try such issues alone ; but the court may in its discretion order any issue or issues of fact to be tried by a jury, and error will not lie unless for an abuse of such discretion. §§ 266, 267 Code ; *Hixon v. George,* 18 Kan. 253, 256 ; *Hunt v. Spencer,* 20 id. 126, 129 ; *Yeamans v. James,* 27 id. 195, 212 ; *Drinkwater v. Sauble,* 46 id. 170, 174.

II. The plaintiff in error claimed that Seim and wife executed and delivered the deed to William Allaway, leaving a blank for the name of the grantee, which was for the time being filled in with the name of Allaway in pencil with authority to him to insert the name of his grantee ; that Allaway owed plaintiff in error $750, and as collateral security for the same delivered said deed to him, and his name was inserted as grantee ; and that Allaway had never paid the debt, but plaintiff in error paid the taxes on the property for 1889, amounting to $38.01. The jury found, however, in substance, that Seim, in pursuance of an

agreement with William Allaway, deposited said blank deed with Maclellan until Allaway should remove certain judgment liens from property traded to Seim by Allaway; that said liens were not removed, yet Maclellan without authority from Seim wrote his name as grantee in the deed and caused the same to be recorded; that Seim did not authorize Allaway to insert the name of any other grantee, and that Maclellan did not receive said deed from Allaway in good faith and for a valuable consideration. The evidence shows that Maclellan paid the taxes on the Parkerville property for 1889, amounting to $38.01; and the testimony of Allaway and Burnett was strongly confirmatory of Maclellan's as to the transaction, while Seim was the only witness to it in his own behalf; but Maclellan and Burnett were both clerks in the real estate office of Allaway at Topeka where the transaction occurred, and the jury had a right to accept Seim's testimony although apparently overborne by that of the three other witnesses. There was evidence to support the findings, and as they were approved by the trial court it is not our duty to set them aside. Seim did not authorize Maclellan to pay the taxes of 1889; and under the findings of the jury the payment must be regarded as voluntary, and Maclellan cannot recover the amount thereof. The right of the plaintiff to prove, under the pleadings, that Maclellan held the deed in escrow is challenged, but we think the general allegation of forgery was broad enough to cover the circumstances detailed in the evidence and in the findings of the jury.

The judgment must, therefore, be affirmed.

All the Justices concurring.