Wood v. Turbush.

---

## JOHN W. WOOD v. GEORGE TURBUSH.

### No. 12,522.  ( 66 Pac. 991.)

SYLLABUS BY THE COURT.

JURY AND JURORS—*Equity Cases — Matter of Discretion.*  While in cases purely equitable in character a jury trial is not demandable of right, and the better practice is not to award a jury, yet the court may, in its discretion, upon demand or upon its own motion, call a jury to pass on any or all disputed questions of fact. The findings of the jury in such cases are advisory only, and may be set aside or adopted, in whole or in part, by the court, as the evidence may warrant, and error will not lie, unless for abuse of discretion.

Error from Reno district court; M. P. SIMPSON, judge.  Opinion filed December 7, 1901.  Division two. Affirmed.

*H. Whiteside*, for plaintiff in error.

*George A. Vandeveer*, and *Frank L. Martin*, for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. :  The defendant in error commenced this action to recover from plaintiff in error the sum of $500, alleged to be due by the terms of a written contract, a copy of which was attached to the petition.

The latter answered, setting up various matters of account growing out of transactions between himself and plaintiff out of which the written contract arose. He demanded a reformation of the contract, an accounting, and judgment against plaintiff. The plaintiff replied at length, alleging the contract to be so vague, uncertain, misleading and mistaken in terms that the same should be set aside and canceled; and demanded, in the alternative, that the contract be set aside and canceled and a general accounting had between the parties, or, if this relief should not be granted, judgment as prayed in the petition. Upon the trial the plaintiff demanded and was awarded a jury. The plaintiff had verdict and judgment thereon, and defendant brings error.

The principal ground of error relied on by counsel for plaintiff in error to work a reversal of the judgment is that, as the issues raised by the answer and reply filed thereto are of equitable cognizance, the trial court committed error in awarding the plaintiff a jury trial, and in not dismissing the action upon plaintiff's making demand for a jury. With this contention we do not agree. In cases of equitable cognizance a jury trial is not a matter of right, and the better practice is not to award a jury, yet, the court, sitting as a chancellor, may, at his discretion, upon demand, or upon his own motion, call a jury to pass on any or all disputed questions of fact, and error will not lie, unless for an abuse of such discretion. (*Maclellan v. Seim*, 57 Kan. 471, 46 Pac. 959; *Drinkwater v. Sauble*, 46 id. 170, 26 Pac. 433.) In such cases, however, the findings of the jury are largely advisory to the court, and the court may adopt them or set them aside, in whole or in part, or may make new or addi-

tional findings from the evidence as the same may warrant.   (Beach, Mod. Eq. Pr. § 666.)

The further contention is made that the contract upon which plaintiff below based his right of recovery is void on grounds of public policy.   The contract discloses no such invalidity upon its face.   No such infirmity was asserted in the trial court.   On the contrary, the defendant below expressly affirmed the validity of this contract and asked a reformation of its terms.

Perceiving no error in the record, the judgment is affirmed.

CUNNINGHAM, GREENE, JJ. concurring.