No. 25,567.

R. M. Fisher, *Appellee*, v. G. M. Rakestraw and E. W. Hamson, Intervener, *Appellants*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Exchange of Property—When Jury Trial May Be Demanded.* Rule followed that a jury is demandable as a matter of right only in actions for the recovery of money or for the recovery of specific real or personal property.

2. CONTRACT—*Exchange of Farm for Stock of Hardware and Fixtures—Terms of Contract—Deed and Bill of Sale in Escrow—Failure of Defendant to Perform—Action for Equitable Relief—Priorities of Liens of Creditors and Mortgages Determined.* A contract between plaintiff and defendant provided for the exchange of plaintiff's farm at an agreed price for defendant's stock of hardware at wholesale list price, fixtures at agreed price, and obsolete stock at a price to be agreed on or settled by arbitrators to be chosen by the parties. Defendant was to furnish certified list of his creditors in-

terested in the merchandise under the bulk-sales act, and agreed to satisfy their claims. Deed to farm and bill of sale to mercantile stock were placed in escrow to await performance. The parties went into possession of the respective properties exchanged, but defendant refused to agree to fix a price on the obsolete stock and failed to appoint an arbitrator in lieu thereof, and failed to furnish certified list of his creditors and failed to satisfy their demands. Plaintiff brought action for equitable relief—for accounting, for the impleading of mortgages, defendant's judgment creditors and his other creditors having claims on the mercantile stock, and for a determination of the priorities between them and to impress liens on the farm to satisfy all pertinent and proper demands against defendant. Defendant answered with a cross-petition pleading a set-off and counterclaim based on an allegation of fraud and misrepresentation on the part of plaintiff touching the quality of the farm, and on an allegation that the value of the mercantile stock was higher than that determined by the invoice. *Held,* that the action being essentially one for equitable relief, a jury trial was not demandable as a matter of right, notwithstanding the facts pleaded by defendant to support his setoff and counterclaim, if involved in an ordinary action at law, might have been justiciable before a jury as a matter of right.

3. SAME—*Second-mortgage Lien.* An error urged in reference to the allowance of a second-mortgage lien examined and not sustained.

4. SAME—*Third-mortgage Lien.* An error urged in the position of priority accorded to the lien of a third mortgagee examined and corrected under authority of section 580 of the civil code.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed January 10, 1925. Modified and affirmed.

*Donald Muir,* of Anthony, *Benjamin F. Hegler,* and *A. V. Roberts,* both of Wichita, for appellant E. W. Hamson.

*Ed T. Hackney,* of Wellington, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This lawsuit grew out of the trading of a farm for a stock of hardware. The plaintiff owned a farm in Harper county, which he contracted to sell and exchange to the defendant for a mercantile stock of hardware and implements belonging to the latter and located at Hillsboro, in Marion county. The farm consisted of a half section of land and was priced to defendant at $67.50 per acre, subject to an incumbrance of $4,000. In exchange for the farm plaintiff was to accept defendant's mercantile stock and implements at an invoice price based on wholesale cost less freight to Hillsboro. Certain specified fixtures and equipment were priced to plaintiff at $1,500, and some obsolete and used stock was also to be charged to him at a price to be fixed by agreement of the parties

or by arbitrators chosen by them if they could not agree. It was also agreed between the parties that defendant should furnish a certified list of his creditors in conformity with the bulk-sales law and pay all indebtedness against the mercantile stock, and that whatever balance was due to either party when the value of the mercantile stock was invoiced should be paid in cash, and that a deed to the farm executed by plaintiff and a bill of sale to the stock of merchandise executed by defendant should be deposited in escrow in a Wichita bank, to be delivered to the parties respectively entitled thereto when their contractual obligations were fully performed.

Plaintiff took possession of the stock of merchandise and defendant took possession of the farm. The inventory of the merchandise was taken, but defendant would neither agree to a valuation of the obsolete and used goods, nor would he name an arbitrator as his contract bound him to do. The invoice value of the merchandise was much less than anticipated, and consequently a large balance was due from defendant to plaintiff, the precise amount of which could not be determined because of defendant's failure to agree or provide for arbitration. Neither did defendant furnish a certified list of the creditors nor take any steps to pay their claims. Hence this lawsuit.

Plaintiff set up the foregoing facts, exhibited the contract, and alleged that the land was to be priced at actual measurement, 324 acres, and for which, after assuming the $4,000 mortgage, defendant was bound to pay to plaintiff the sum of $17,872; that the invoice value of the hardware and implements was $10,628; that the obsolete stuff which had not been determined because of defendant's delinquency was of no value; and that the invoice value plus the agreed price on the specified list of office equipment, etc., $1,500, entitled the defendant to a credit of $12,128, less defendant's share of the cost of invoicing and other deductions, which left a net credit of $10,090.56 [$12,090.54] to be applied on the contract, leaving a balance due plaintiff thereon in the sum of $7,782 as alleged, but which apparently should have been stated at $5,779.46. (There is an unusual number of discrepancies in the figures and computations of figures involved in this lawsuit, but except as they tend to hinder this court in getting at the matters of controlling significance they are of no present importance.) Plaintiff set up the fact that until he was furnished with a list of defendant's creditors he could not

safely settle with defendant, and prayed to be protected on that matter, and that the deed which he had executed to convey the farm and which had been deposited in escrow should be canceled and the land sold to satisfy his claim against defendant, and that the remainder be paid to defendant's creditors as their interests might appear, and for all proper relief.

Defendant filed an answer and cross-petition, traversing plaintiff's principal allegations, alleged fraud and misrepresentation on the part of plaintiff in respect to the character of the farm and otherwise in matters no longer material; that the total value of the stock of merchandise was $13,000; that he was entitled to an offset of $9,070 on account of plaintiff's misrepresentations as to the value of the farm and the quality of its soil and to an offset of $872 for certain guttering, drain pipes, hog pens and hay carriers which plaintiff had removed from the farm after the contract of exchange had been executed; and defendant prayed that such offsets be allowed, and that his title be quieted and that the Wichita bank be directed to deliver to him the deed to the farm held in escrow, and for such other and further relief as should be deemed proper by the court.

Cross-petitions and intervening petitions were filed by many of defendant's judgment creditors and other creditors, and also by E. W. Hamson, who set up a note for $2,614.01 executed by defendant in cross-petitioner's favor, which note was secured by a mortgage given by defendant and wife on the Harper county farm which was to pass from plaintiff to defendant in the contract of exchange. That mortgage was dated October 17, 1922, and its execution was acknowledged on the same date, and it was filed for record on October 20, 1922. Hamson alleged default and prayed foreclosure. The holders of the first and second mortgages on the farm, given by plaintiff before the contract of exchange of May 10, 1922, was executed, likewise intervened, setting up their prior lien interests and praying that their rights of precedence be protected.

The trial court rejected defendant's demand for a jury trial, heard the evidence, made findings of fact and conclusions of law favorable to plaintiff and to the several lienholders and to certain other creditors of defendant, and gave judgment accordingly, decreeing that the Harper county farm should be subjected to liens for the approved claims of the appearing claimants, and that the farm should be sold and the proceeds applied: *first,* to the satis-

faction of the lien of the first mortgagee; *second,* to the satisfaction
of the lien of the second mortgagee; *third,* to the satisfaction of
plaintiff's claim of balance due on account between the plaintiff
and defendant pursuant to invoice price of the stock of merchandise
and the stipulated price of the farm less incumbrances; and provid-
ing that the claims of certain judgment creditors of defendant should
be satisfied next, in the *fourth, fifth, sixth* and *seventh* positions
of priority; and that Hamson's mortgage should have the *eighth*
position in order of precedence; and that the claims of some twenty
other creditors of defendant should jointly take *ninth* place in the
order of precedence for payment.

Defendant appeals, complaining chiefly of the denial of a jury
trial. Hamson appeals because his lien was set *eighth* in the order
of priority when it should have been given *fourth* place, immediately
following the priorities of the first and second mortgagees and the
plaintiff.

In civil actions a jury can be claimed as a matter of right only in
actions for the recovery of money or of specific real or personal
property. (R. S. 60-2903; *McCardwell v. McNay,* 17 Kan. 433;
*Sword v. Allen,* 25 Kan. 67.) In *Mills v. Hartz,* 77 Kan. 218, 223,
94 Pac. 142, it was said:

"Error is predicated on the ruling of the court denying the application of
Mills for a jury trial. A suit to cancel a lease is equitable in its nature and
one in which a jury may not be demanded as a matter of right. It is true, as
plaintiff in error contends, that there were issues of fact to be tried, but the
code provides that only issues of fact arising in actions for the recovery of
money or specific real or personal property are to be tried by a jury. All other
issues of fact are triable by the court, subject to its power and discretion
to order any of the issues to be tried by a jury or by a referee in the manner
directed by the code. (Civ. Code, §§ 266, 267; Gen. Stat. 1901, §§ 4713, 4714;
*Maclellan v. Seim,* 57 Kan. 471, 46 Pac. 959.)"

In *Houston v. Goemann,* 99 Kan. 438, 162 Pac. 271, where the
principal error assigned was based on the trial court's refusal of a
jury trial, plaintiff sought to give the cause the color of an action
for the recovery of real estate, but the court held that it was essen-
tially equitable in character. In the opinion it was said:

"While forms of action and the distinction between actions at law and
suits in equity have been abolished, and a single remedy in the form of a civil
action has been provided, by means of which any desired relief may be ob-
tained, essential differences have not been obliterated and a jury is not de-
mandable as a matter of right in those civil actions which are grounded on
equitable rights and in which equitable relief is sought. . . .

"The plaintiffs' right to possession and enjoyment of the land as owners depended on their right to have the deed canceled. What they desired was the verdict of a jury on their right to cancellation. That was a subject of equitable cognizance, and the request for a jury trial as in an action at law was properly denied. The principles involved are sufficiently illustrated in the following cases, several of them being cancellation cases: *Maclellan v. Seim,* 57 Kan. 471, 46 Pac. 959; *Mills v. Hartz,* 77 Kan. 218, 94 Pac. 142; *Hospital Co. v. Philippi,* 82 Kan. 64, 107 Pac. 530; *Nelson v. Schoonover,* 89 Kan. 388, 131 Pac. 147; *Akins v. Holmes,* 89 Kan. 812, 133 Pac. 849; *Kuhn v. Johnson,* 91 Kan. 188, 137 Pac. 990; *Appling v. Jacobs,* 91 Kan. 793, 139 Pac. 374." (pp. 440, 441.)

It was similarly held in *Larkin v. Wilson,* 28 Kan. 513, that where plaintiff's suit is essentially one stating a cause of action for equitable relief, defendant cannot alter its character into an action of law triable as of right before a jury by setting up a counterclaim in the nature of ejectment.

In *Butts v. Butts,* 84 Kan. 475, 478, 114 Pac. 1048, it was said:

"It is true that the courts recognize the doctrine that where the action should have been, and in substance is, an action for the recovery and possession of real estate, the right of the defendant to a jury cannot be defeated by the mere device of the plaintiffs in bringing the action in an equitable form. (See *Gordon v. Munn,* 83 Kan. 242.)"

In *Rayl v. Brown,* 108 Kan. 385, 198 Pac. 611, the case last cited was summarized thus:

"In *Gordon v. Munn,* 83 Kan. 242, 125 Pac. 1, which was an action in partition, it was held that under the issues in that case a jury trial should have been granted as a matter of right. In that case it was held that 'for all practical purposes it would result in a recovery of the possession of the property from one party and an award of it to the other, which would seem to embrace all the essential features of an action in ejectment.'" (p. 387.)

Where an action is essentially one for equitable relief to which the injured party is adjudged to be entitled, and where such relief cannot be granted and as a consequence redress has to be granted in a money judgment, the equitable nature of the action is not thereby changed and a jury is not demandable as a matter of right. (*Brush v. Boyer,* 104 Kan. 168, and citations, 178 Pac. 445; 36 Cyc. 748, 753; 10 R. C. L. 370; 25 R. C. L. 341.)

While plaintiff's petition, critically examined, may disclose some defects in mere art of pleading, it fairly states a cause of action for purely equitable relief, and it is not fairly susceptible of any construction which would characterize it as an action for the recovery of money or property. Of course the prayer of the petition itself is not of controlling importance (*Eagan v. Murray,* 102 Kan. 193,

syl. ¶ 2, 170 Pac. 389), yet it was a prayer for equitable relief; and, indeed, defendant's cross-petition recited some matters calling for equitable relief and his prayer was to the same effect. When the facts alleged in plaintiff's petition are examined in detail it is readily discernable that the action was of an equitable nature—an action for an accounting between the parties and for the impleading of the mortgagees, judgment creditors, and other claimants, whose rights in the stock of merchandise were protected by the bulk-sales law, and for a determination of the order of priorities between them, and for the sale of the farm to satisfy all such liens and claims. A jury was not demandable as of right in such a case. Defendant urges, however, that he set up "a demand in money to pay the damages which he claimed to have suffered"—presumably by the alleged fraudulent misrepresentations of plaintiff as to the quality of the farm. But as we have shown above, a suit which is essentially of an equitable nature cannot be transformed into an action with a jury trial demandable as of right by pleading a setoff which, considered independently or in an ordinary action at law, might have been justiciable before a jury as a matter of right. (*Larkin v. Wilson,* supra; *Butts v. Butts,* supra. See, also, *Akins v. Holmes,* 89 Kan. 812, 133 Pac. 849; *Foresman v. Foresman,* 103 Kan. 698, 175 Pac. 986, 176 Pac. 147; *Winkler v. Shusky,* 112 Kan. 283, syl. ¶ 1, 211 Pac. 124.)

It follows that the refusal of defendant's demand for a jury trial was not error.

Defendant seeks to make a point on the matter of the second mortgage, urging that he traded for the farm on the assumption that it was covered by one mortgage only, for $4,000. The record is too scant to permit us to review this point critically. Probably the second mortgage was an incident to the first; presumably the trial court disposed of it correctly and gave it due significance in determining the true balance due between the parties. No error is apparent under this assignment.

Touching the error assigned on the low rank of priority accorded by the trial court to the lien of Hamson, counsel contend that an obvious error appears in the trial court's finding No. 12, where it is stated that the Hamson mortgage was recorded "on the —— day of January, 1922." The mortgage was executed on October 17, 1922, as found by the trial court and as the instrument itself shows, and the instrument itself likewise shows beyond cavil that it was

filed for record on October 20, 1922. The judgment creditors given the *fourth, fifth, sixth* and *seventh* places of precedence over the appellant Hamson for the satisfaction of their liens, according to finding No. 11 of the trial court, filed their respective judgment transcripts from Sumner county at later dates—the Simmons Hardware Company and the Townley Metal Company on October 24, 1922, and the Malleable Iron Range Company and the Blish-Mize Company on November 3, 1922. Since the error in finding No. 12 is apparent and is susceptible of correction under section 580 of the civil code (R. S. 60-3316), it is clear that Hamson's contention is meritorious. His mortgage was filed for record in Harper county before the above-named judgment creditors filed their Sumner county judgments for record in Harper county; and it therefore follows that Hamson's lien should take precedence over theirs; it is entitled to the *fourth* rank, following immediately after that of plaintiff. In the latter respect the judgment is therefore modified as contended for by Hamson, and as so modified the judgment is affirmed.