No. 33,589

ALBERT ROGLER, FLORA H. ROGLER, His Wife, and BETH ROGLER HUTCHINSON, *Appellants*, v. J. E. BOCOOK and MARGERY BOCOOK, His Wife, *Appellees.*

No. 33,616

J. E. BOCOOK, *Appellee,* v. ALBERT ROGLER, FLORA H. ROGLER, His Wife, and BETH ROGLER HUTCHINSON, *Appellants.*

(73 P. 2d 1100)

Opinion filed December 11, 1937.

*Dennis Madden,* of Topeka, for the appellants.

*S. R. Blackburn,* of Emporia, and *Carl A. Ballweg,* of Cottonwood Falls, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These two actions relate to the same real property and grew out of the same written agreement between the parties. The appellants in each case are the same. While the first, No. 33,589, was an action for specific performance brought in the district court, and the second, No. 33,616, was an action for forcible detainer brought in the justice court and attempted to be appealed to the district court, appellants ask that the same judgment of affirmance or reversal be rendered in the second case as in the first, and that the separate legal questions involved in the second case be disregarded if need be. Appellees do not oppose this request.

Therefore, we begin with the first case, No. 33,589. This was an action, filed April 22, 1937, for the specific performance of a written

contract in which it was alleged, by an amendment to the petition made the day of trial, that the time of performance had been extended a few days by an oral agreement. After a hearing the trial court rendered judgment for defendants. Plaintiffs have appealed.

In their petition plaintiffs allege that formerly they owned the real property in controversy—a described residence property in the city of Cottonwood Falls; that they lost it through the foreclosure of a mortgage, and that the title had passed through mesne conveyance to the defendant, J. E. Bocook, and that on September 23, 1936, they entered into an agreement in writing with J. E. Bocook and wife, a copy of which was attached to the petition and made a part thereof. This was entitled "real estate lease with option to buy." It named J. E. Bocook and wife parties of the first part and Albert Rogler and wife and Beth Rogler Hutchinson parties of the second part. It provided "that first parties, being the owners of record of" the described property, "hereby lets and leases unto the second parties, the above described premises for the term of six months, beginning on this 23d day of September, 1936, and ending on the 23d day of March, 1937." It contained provisions relating to the amount and time of paying rent, and continued:

"And the first parties on their part agree, in consideration of the faithful performance of the agreements aforesaid to be performed by the said second parties, to grant to second parties, the option to buy the said property at any time during the term of this lease and until the expiration of said lease on the 23d day of March, 1937, at a price of $2,000, to be paid by said second parties to said first parties."

It further provided that if the option to buy were exercised the first parties would convey the property to second parties by a general warranty deed and furnish an abstract of title showing good title to the property. The petition further alleged that plaintiffs had complied with the conditions of the agreement on their part, and within the time provided therein, or more accurately as the petition was amended, within the time extended by the alleged oral agreement, and that plaintiffs had tendered the $2,000 and asked for a deed, which defendants refused to execute.

The answer admitted the execution of the written agreement and the payment of rents and denied the option to purchase had been exercised, or that an oral agreement had been made to extend the time for it to be exercised. On the trial it was conceded by counsel for plaintiffs that the written agreement was a lease and gave them an option to buy the property for $2,000 cash for a stated time

only. There was no evidence that plaintiffs attempted to exercise the option to buy on or before March 23, 1937. In effect it was conceded that had not been done. All the evidence related to whether there had been an oral extension of that time, and if so, whether the option had been exercised at any time. Defendants objected to testimony offered by plaintiffs on these questions. Some of the objections were sustained, but an examination of the transcript discloses that, first and last and in some way, practically everything plaintiffs offered to show on these questions was testified to by some witness. None of the plaintiffs testified. Only two witnesses were called, and both of these by plaintiffs. One of these was Henry Rogler, a brother of the plaintiff Albert Rogler, and the other was the defendant, J. E. Bocook.

The testimony may be summarized as follows: On March 23, 1937, Henry Rogler sent his attorney to Mr. Bocook to inquire if he would take any less for the property than $2,000, and received a negative reply. Later that day Henry Rogler saw Mr. Bocook and talked with him on two occasions. In the first of these he wanted Bocook to take $1,800 for the property, spoke of its being worth more, but thought that would make a good commission, evidently on the price he understood Bocook had paid for the property. Mr. Bocook declined to take less than $2,000, said he was ready to convey the property for that amount that day, and that he had had the abstract brought up to the 21st. Henry Rogler asked if he would give more time—six months or a year. Bocook declined to do that and stated that he would not be bound under the agreement he then had after that day. Henry Rogler stated that his brother, Albert, had no money, and that he did not have the money at the time, but thought perhaps he could get it, and spoke of one source from which possibly he might be able to obtain the money. Mr. Bocook mentioned the fact that he had a deal pending in Marion county in which he might need to use some money, and that he might consider selling the property later, but made it clear that he would not be bound by the present agreement longer than that day. On March 24 Albert Rogler paid the rent for the month ending March 23. At that time he and Mr. Bocook discussed the written agreement between them and both agreed it had expired. In writing out a receipt for the rent Bocook wrote at the bottom of it a short statement, in a form to be signed by both of them, to the effect that the agreement between them had termi-

nated. Albert Rogler declined to sign that; said he first wanted to talk with his brother. On March 25 Henry Rogler went to Bocook and said he would buy the property for $2,000 and take a deed in his own name. Bocook declined to sell. It was not clear from Henry Rogler's testimony that he was ready to pay $2,000 at that time. He made no specific offer to pay the money at that time, nor even to give a check for it, but testified he had his check book with him. In any event, on that date Bocook declined to sell the property to Henry Rogler for $2,000. We think the court was correct in holding that this evidence does not establish the contention that there had been an oral extension of time for the exercise of the option under the written agreement, nor the further contention that there was a tender of $2,000 by Henry Rogler, either for himself or for his brother Albert, on March 25. Indeed, the evidence would not have supported such findings had the trial court made them. We find it unnecessary to consider the point presented by appellees that the contract was of such a nature than any extension should have been in writing.

Case No. 33,616 is a forcible-detainer action brought by Bocook in the justice court before appellants had brought the action for specific performance in the district court. In this case plaintiff recovered judgment in the justice court and defendants attempted to appeal it to the district court. There, on plaintiff's motion, the appeal was dismissed because of the failure of the defendants in that case to give the bond required by statute. The appeal is from that order. The bond was not in the form provided by the statute. Appellants argue the language used was tantamount to that used by the statute. In view of appellants' request, stated earlier in this opinion, it will not be necessary to examine appellant's contentions with respect to this bond, for in view of the conclusion we have reached in the action for specific performance appellants could not hope to recover in the district court in the forcible-detainer action, if it were properly in that court.

The result is that the judgment of the court below in each case should be affirmed. It is so ordered.