No. 34,034

Flora H. Rogler and Albert Rogler, *Appellants*, v. J. E. Bocook, *Appellee.*

(84 P. 2d 893)

Opinion filed December 10, 1938.

*Dennis Madden,* of Topeka, for the appellants.
*Carl A. Ballweg,* of Cottonwood Falls, for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action in which the plaintiffs sought, under their first cause of action, to obtain a decree of title to land on the theory a constructive trust had been created in their favor by virtue of an oral contract, and wherein they also sought, under the second cause of action, to obtain damages on the ground defendant had slandered their title. The specifications of error are:

"1. The trial court erred in refusing appellants' request for a jury trial.

"2. In holding that the case only involved an equitable issue, and was not a jury case.

"3. In dismissing the appellants' cause of action for damages."

The alleged errors may be treated together. The ruling of the trial court was that before plaintiffs could recover damages under their second cause of action they were first obliged to establish the equitable title to the land alleged in the first cause of action. Obviously that ruling was correct. The question of equitable title presented primarily a question of law for the determination of the court. True, G. S. 1935, 60-2903, provides:

"Issues of fact arising in actions for the recovery of money *or of specific real or personal property* shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact

shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code. [L. 1909, ch. 182, § 279; May 29; R. S. 1923, § 60-2903.]" (Italics inserted.)

The action is primarily one for relief in equity. The mere fact there might be or were some issues of fact to be determined did not change the essential nature or form of the action to one at law. The action being essentially equitable in its nature, plaintiffs were not entitled to a jury trial as a matter of right. (*Fisher v. Rakestraw et al.*, 117 Kan. 441, 232 Pac. 605, and cases therein cited.) See, also, *Cooper v. Cooper*, 147 Kan. 256, 76 P. 2d 867. The trial court might, of course, have called a jury, but its function would have been purely advisory. It follows that alleged error is without merit.

An equitable title was not established. Plaintiffs having no title which could be slandered, they, of course, were not damaged. Under the specifications of error alleged the opinion might well end at this point. A brief review of pertinent facts will, however, clearly disclose plaintiffs would not be entitled to a reversal, even though they had urged other errors which they now argue.

Beth Rogler Hutchinson is the daughter of the plaintiffs, Flora H. Rogler and Albert Rogler. In July of 1928, *Beth* Rogler Hutchinson, and her husband, Dewey Hutchinson, the then record title owners of the land, executed a mortgage on the land to the Bankers Mortgage Company of Topeka. The mortgage was foreclosed and the receiver of that company purchased the property at sheriff's sale. The sheriff's sale was confirmed and the period of redemption fixed at eighteen months. No redemption was made and a sheriff's deed was issued and delivered to the purchaser. During the period of redemption the plaintiff, Albert Rogler, and Beth Rogler Hutchinson entered into an oral agreement with the defendant, J. E. Bocook, whereby the defendant orally agreed to purchase the premises foreclosed from the purchaser at sheriff's sale, with the understanding that the plaintiff, Albert Rogler, and Beth Rogler Hutchinson were to pay the defendant the price he had paid for the land. The plaintiff Flora H. Rogler was not a party to that oral contract. The defendant purchased the property and became the holder and owner of the legal title. Albert Rogler and Beth Rogler Hutchinson did not pay the defendant nor tender to him the amount so advanced by him. In 1936 Albert Rogler and *Beth* Rogler Hutchinson filed an action against the defendant for the specific performance of the oral agreement. In that action they sought a judgment which would

decree the defendant to be the holder of the title in trust for them upon the payment by them of the purchase price. Later they filed a motion to dismiss that action with prejudice, for the reason that all matters in controversy had been amicably settled between the parties thereto. Pursuant to that motion the court dismissed the action *with prejudice* and at plaintiffs' costs. In September of 1936 the present plaintiff, Albert Rogler, and Beth Rogler Hutchinson entered into a written agreement with the defendant and Margery Bocook, defendant's wife, by which the land was leased to the plaintiffs and Beth Rogler Hutchinson for a term of six months. The lease also contained an option to purchase. The plaintiff, Flora H. Rogler, did not sign that written agreement, but thereafter she did join in an action against the defendant and his wife to compel the specific performance of that agreement. That action was decided in favor of the defendant, J. E. Bocook, and Margery Bocook, his wife. On appeal to this court the judgment was affirmed. (*Rogler v. Bocook,* 146 Kan. 933, 73 P. 2d 1100.) It was there held:

"The parties had executed a written lease, in which lessees were given an option to buy at a price and within a time stated. Lessees, alleging the time for exercising the option had been extended orally and that they had tendered the price within the extended time, sued for specific performance. *Held,* the trial court correctly ruled the evidence was insufficient to show the time had been extended, or the tender made, as alleged." (Syl.)

In the present action plaintiffs are again endeavoring to litigate the question of equitable title on the theory a constructive trust was created in their favor by virtue of the original oral agreement.

Clearly, the plaintiff, Albert Rogler, and *Beth* Rogler Hutchinson, having dismissed, with prejudice, their former action to have a trust declared in their favor on the identical oral contract involved in the instant case, cannot relitigate that same question. (*Hargis v. Robinson,* 70 Kan. 589, 79 Pac. 119.) Obviously, the plaintiff, *Flora* H. Rogler, acknowledged the title of the defendant when she joined in the action for the specific performance of the written lease and option contract. (*Rogler v. Bocook,* supra.)

The trial court expressly found the defendant was guilty of no fraud or misconduct of any kind or character. The above facts were all found and appropriate conclusions of law were made by the trial court. We find no error in them.

Plaintiffs also contend the property was their homestead and that the wife, Flora H. Rogler, had not signed the written lease and

option contract. Clearly, she is in no position to urge that contention now. She joined in an action to compel the specific performance of that contract. (*Rogler v. Bocook,* supra.) Furthermore, she is entirely precluded from asserting a homestead interest in the property. She and her husband had conveyed this property to their daughter, Beth Rogler Hutchinson, and her husband. They executed the mortgage to the Bankers Mortgage Company of Topeka. That mortgage was foreclosed and the property was sold at sheriff's sale. No redemption was made. Obviously, she cannot now assert a homestead interest therein. The judgment is affirmed.