No. 34,562

J. E. Bocook, *Appellee,* v. Albert Rogler, Beth Rogler Hutchinson, D. W. Wood and Henry Schrumpf, *Appellants.*

No. 34,563

J. E. Bocook, *Appellee,* v. Albert Rogler, Flora H. Rogler, J. H. Hinden, M. W. Woodhull and D. W. Wood, *Appellants.*

(98 P. 2d 94)

Opinion filed January 27, 1940.

*Dennis Madden,* of Topeka, and *Dudley Doolittle,* of Strong City, for the appellants.

*Carl A. Ballweg,* of Cottonwood Falls, for the appellee.

The opinion of the court was delivered by

Harvey, J.: In previous litigation between the parties Bocook had recovered judgment against the Roglers in the district court. They appealed, and in each of two cases gave a supersedeas bond. The judgments of the trial court were affirmed. (*Rogler v. Bocook,* 146 Kan. 933, 73 P. 2d 1100, and *Rogler v. Bocook,* 148 Kan. 858, 84 P. 2d 893.) This litigation involved a certain residence property in Cottonwood Falls, and one of them was an action for forcible detention originally brought before a justice of the peace. On January 8, 1939, after this court's decision in the last of the cases above mentioned and Bocook's title and right to the possession of the residence property had been determined, Bocook had a writ of

restitution issued out of the justice of the peace court to be put into possession of the property. On February 9, 1939, the sheriff went to the residence to place Bocook in possession thereof. The Roglers wanted a few days' time to get a place to move, whereupon they and Bocook entered into a written agreement, the substance of which was that Bocook would ask the sheriff not to serve the writ of restitution before February 18, which was the last day he would have to serve it, in consideration of which the Roglers agreed to vacate the premises by that date and if not Bocook could have the sheriff proceed to place him in possession. The Roglers surrendered possession of the property before the 18th.

These two actions were by Bocook against the Roglers and the sureties on their respective supersedeas bonds. The answers contained a paragraph setting up the agreement made between Bocook and the Roglers February 9, 1939, and alleged that by virtue of it the sureties on the supersedeas bonds were released. The trial court sustained plaintiff's demurrer to this paragraph of the answers. The cases proceeded to trial, resulting in a judgment for plaintiff of $136 in one case and $170 in the other. The Roglers have appealed. The cases have been consolidated in this court because the legal question presented in each of them is identical. No contention is made that the judgments in favor of Bocook in the two cases duplicate each other. No question is raised as to the amount of the recovery.

Appellants' sole contention is that the sureties on the supersedeas bonds are released because of the agreement entered into between Bocook and the Roglers on February 9, 1939. Counsel for appellants cite the authorities in support of the rule that an agreement between the maker and the payee of the note extending the time for the payment without the knowledge or consent of a noncompensated surety releases the surety, and the application of the doctrine to some other instrument. We think these principles not applicable here. Mere indulgence of time does not have the effect contended for by appellants. (*Ray v. Brenner*, 12 Kan. 105; *Hall v. First National Bank*, 5 Kan. App. 493; *Halderman v. Woodward, Assignee, &c.*, 22 Kan. 734, 741; *Hier v. Harpster*, 76 Kan. 1, 4, 90 Pac. 817.) In *Tackett v. Guaranty Co.*, 112 Kan. 500, 212 Pac. 357, plaintiff had recovered a judgment against the railway company for $15,000. Defendant took steps to appeal and gave a supersedeas bond. Thereafter plaintiff and defendant agreed that the appeal would not be perfected and that defendant should pay the judgment in install-

ments. In pursuance of this agreement payments were made until the judgment was reduced to $9,500, at which time the railway company became insolvent and ceased payment. In an action by the plaintiff on the supersedeas bond the surety argued that it had been released by the agreement respecting payment in installments. This contention was denied and the surety held for the balance due on the judgment.

We think the court ruled correctly in sustaining the demurrer to that portion of the answer setting up as a defense the agreement made between the parties on February 9, 1939.

The judgments of the court below are affirmed.